# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3217

_____

United States of America,            *

                                  *

            Appellee,        *

                                  *   Appeal from the United States

           v.                    *   District Court for the Northern

                                  *   District of Iowa.

Francisco Lozano,            *

                                  *      **[UNPUBLISHED]**

           Appellant.      *

_____

Submitted:  April 7, 2003
Filed:  April 21, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Francisco Lozano (Lozano) challenges his conviction and sentence imposed after the district court denied his motion to withdraw his guilty plea. For the reasons discussed below, we reverse and remand to the district court.

In May 2002, Lozano appeared before a magistrate judge and pleaded guilty to conspiring to distribute approximately one pound of a mixture containing 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The magistrate judge issued a report recommending that the district court accept Lozano's guilty plea.

Thirteen days later, prior to sentencing and the district court's acceptance of the guilty plea, Lozano moved to withdraw his plea, claiming he felt pressured into pleading guilty, and he did not believe that the Sentencing Guidelines estimates provided by the government and his counsel, and the information provided at the plea hearing, were fair. The district court denied the motion, finding that Lozano failed to establish a fair and just reason to withdraw the plea. The district court accepted Lozano's guilty plea and later sentenced him to 160 months imprisonment and 5 years supervised release. In September, Lozano filed a timely appeal, arguing, as relevant, that he should have been permitted to withdraw his plea at a standard less than a "fair and just reason," because he sought to withdraw the plea prior to the district court's formal acceptance of his plea.

During the pendency of this appeal, amendments to the Federal Rules of Criminal Procedure became effective which impact a defendant's right to withdraw his guilty plea. Prior to December 1, 2002, Federal Rule of Criminal Procedure 32(e) provided, "If a motion to withdraw a plea of guilty . . . is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." In interpreting this rule, we held, "Rule 32(e) sets the applicable standard prior to sentencing, and the fact that the court had not yet formally accepted the plea is not determinative." See United States v. Payton, 168 F.3d 1103, 1105 (8th Cir.), cert. denied, 528 U.S. 843 (1999).

While this application of the former Rule 32(e) was consistent with this court's jurisprudence on guilty plea withdrawals at the time the district court denied Lozano's motion, the amended version of Federal Rule of Criminal Procedure 11(d) requires a different application. Rule 11(d) now provides, "A defendant may withdraw a plea of guilty . . . before the court accepts the plea, for any reason or no reason." According to the Supreme Court's order adopting the amendments to the rules, "the foregoing amendments to the Federal Rules of Criminal Procedure shall take effect on December 1, 2002, and shall govern in all proceedings in criminal cases thereafter

commenced and, *insofar as just and practicable, all proceedings then pending*." <u>See</u> Amendments to Fed. R. Crim. P., Order of April 29, 2002, ¶ 2 (found in 122 S. Ct., Orders at 701 (2002)) (emphasis added). Lozano's case is still pending, and we find it both just and practicable to apply the amended rule. <u>See</u> <u>United States v. Duke</u>, 50 F.3d 571, 575 (8th Cir.) (determination of when it is "just and practicable" to apply amended rule is necessarily a case-by-case consideration), <u>cert. denied</u>, 516 U.S. 885 (1995).

We therefore reverse and remand to allow Lozano to withdraw his guilty plea. In light of this holding, we do not address the remaining issues raised on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.