# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3430

_____

United States of America,              *

                         *

          Appellee,       *

                         *   Appeal from the United States

      v.               *   District Court for the District

                         *   of Nebraska.

Jeffrey D. Welker,           *

                         *       [UNPUBLISHED]

          Appellant.      *

_____

Submitted: May 14, 2004
Filed: July 27, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jeffrey Welker appeals to this court, challenging his criminal sentence imposed by the district court below as too severe. His counsel filed a brief and moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).

Mr. Welker was indicted for conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. With the assistance of counsel, Mr. Welker agreed to plead guilty to the indictment. At the close of the plea hearing, the district court deferred its decision whether to accept Mr. Welker's plea until the

sentencing hearing. At the sentencing hearing, Mr. Welker moved to withdraw his guilty plea, alleging that he had been misled by his attorney as to what sentence he would receive. The court denied the motion and sentenced Mr. Welker to the statutory minimum of 120 months imprisonment, and 5 years supervised release.

After independent review under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), this court requested briefing on the issue whether Mr. Welker should have been allowed to withdraw his plea in light of Federal Rule of Criminal Procedure 11(d)(1), which allows a defendant to withdraw his guilty plea for any reason before the court accepts the plea. The government conceded error on this issue, recognizing that the district court should have permitted Mr. Welker to withdraw his guilty plea. Given the government's concession and the plain meaning of the applicable rule, the district court's judgment is reversed and the case is remanded for further proceedings. <u>See</u> Fed. R. Crim. P. 11(d)(1); <u>United States v. Head</u>, 340 F.3d 628, 629-30 (8th Cir. 2003) (district court had no discretion to deny defendant's motion to withdraw guilty plea where plea had not yet been accepted). Mr. Welker may withdraw his guilty plea if he so chooses.

_____