# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-50536

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MOHAMMAD ARAMI, also known as "Mo"

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PRADO, Circuit Judge:

In this appeal, we decide whether a defendant may withdraw his guilty plea before the district court formally accepts that plea. We hold that the Federal Rules of Criminal Procedure afford a defendant that right.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from the investigation of a prostitution enterprise involving illegal aliens in Austin, Texas. Police executed a search warrant at a brothel and found two male illegal aliens acting as "house managers" and two female illegal aliens working as prostitutes. Based on that discovery, police executed additional search warrants at brothels in Austin, Dallas, and Oklahoma City. During the execution of the subsequent search warrant in

Austin, police learned that Defendant-Appellant Mohammad Arami ("Arami") was the actual owner of the property used for the brothel. The lease agreement required co-defendant Juan Balderas-Orosco ("Balderas-Orosco"), who ran the brothel, to pay Arami a monthly rent of $2,000. This was apparently an inflated rent amount for the area, which the government alleges Arami charged because he knew that Balderas-Orosco was running a brothel at the property. The government also alleges that Balderas-Orosco allowed Arami free "visits" with the prostitutes. Arami's other involvement in the prostitution enterprise stemmed from Arami's employees at his automotive shop. These employees allegedly drove a van to transport the prostitutes from the airport and bus station to the brothel.

The government presented the case to a grand jury, which returned a five-count indictment against Arami, charging him with transportation for prostitution in violation of 18 U.S.C. § 2421 (count one), coercion and enticement for prostitution in violation of 18 U.S.C. § 2422 (count two), conspiracy to smuggle, transport, and harbor illegal aliens in violation of 8 U.S.C. § 1324 (count three), importation of aliens for immoral purposes in violation of 8 U.S.C. § 1328 (count four), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (count five). The government offered to drop counts one through four if Arami would plead guilty to count five. Arami agreed. He then consented to having his Rule 11 plea hearing and entering his plea before a magistrate judge. On February 9, 2007, Arami pleaded guilty in front of a magistrate judge to count five. The magistrate judge "recommend[ed] the District Court accept the guilty plea and, after reviewing the presentence investigation report, enter a Final Judgment of guilty against the defendant."

On April 5, 2007, Arami filed a Motion to Withdraw Guilty Plea, asserting his innocence and stating that the allegations contained in the factual basis were incorrect. The district court held a hearing on that motion the next day and

denied Arami's request. The district court adopted the magistrate judge's report and recommendation on April 13, 2007, accepting Arami's guilty plea on that date. The court sentenced Arami to twenty-seven months' imprisonment, three years of supervised release, a $64,000 fine, and a $100 special assessment. Arami appeals, asserting that the district court should have allowed him to withdraw his guilty plea.

## II. JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to 28 U.S.C. § 1291, as the district court entered a final judgment denying Arami's Motion to Withdraw Guilty Plea and sentencing him.

Although Arami raises three issues on appeal, we dispose of this case by addressing only his contention that he had an absolute right to withdraw his guilty plea. Arami argues that the district court violated Federal Rule of Criminal Procedure 11(d)(1), which allows a defendant to withdraw a guilty plea before the court accepts the plea "for any reason or no reason." FED. R. CRIM. P. 11(d)(1). Because Arami raises this argument for the first time on appeal, we apply a plain error standard of review. See United States v. Vonn, 535 U.S. 55, 59 (2002).

## III. DISCUSSION

A.    Rule 11(d)(1)

Federal Rule of Criminal Procedure 11(d) provides, "A defendant may withdraw a plea of guilty or nolo contendere:  (1) before the court accepts the plea, for any reason or no reason . . . ."  FED. R. CRIM. P. 11(d).  Therefore, "[u]nder Rule 11(d)(1) . . . the district court has no discretion to deny a pre-acceptance withdrawal of a guilty plea." United States v. Jones, 472 F.3d 905, 908 (D.C. Cir. 2007). Before the 2002 amendments to the Rules, there was no explicit provision governing a defendant's withdrawal of a plea before the court accepted it. See United States v. Lopez, 385 F.3d 245, 250 n.8 (2d Cir.

3

2004). Rule 11(d)(1) now allows withdrawal as a matter of right. Id. Once the court accepts the defendant's plea, however, the defendant may withdraw that plea before sentencing only if the court rejects a plea agreement under Rule 11(c)(5) or if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2). A defendant may not have a guilty plea set aside after the court has imposed a sentence except on direct appeal or collateral attack. FED. R. CRIM. P. 11(e).

We have not previously had the occasion to expound upon the meaning of Rule 11(d)(1). The most analogous case is an unpublished decision from the Eighth Circuit. See United States v. Lozano, 63 F. App'x 962 (8th Cir. 2003) (per curiam). There, the defendant appeared before a magistrate judge and pleaded guilty to a drug charge. Id. at 962. The magistrate judge issued a report recommending that the district court accept the defendant's guilty plea. Id. Thirteen days later, before the district court accepted the guilty plea or imposed a sentence, the defendant moved to withdraw his plea. Id. The court denied the defendant's motion. Id. On appeal, the Eighth Circuit noted that the district court improperly considered the defendant's request to withdraw his plea under the "fair and just reason" standard of Rule 11(d)(2), because the district court had not formally accepted the defendant's plea. Id. at 963. The court reversed, ruling that the defendant had an absolute right to withdraw his plea under Rule 11(d)(1), and remanded the case to allow the defendant to withdraw his guilty plea and proceed to trial. Id.

The Eighth Circuit also described the absolute nature of Rule 11(d)(1) in United States v. Head, 340 F.3d 628, 630 (8th Cir. 2003). There, the defendant pleaded guilty to aggravated assault but sought to withdraw his plea before sentencing. Id. The court found that the district court had not accepted the defendant's guilty plea at his plea hearing. Id. The court held that, absent explicit language or an implicit acceptance of the defendant's guilty plea by the

district court, the defendant had retained an absolute right to withdraw his plea. Id. But see id. at 632 (Ericksen, J., dissenting) ("Short of uttering the magic words, 'I accept your plea of guilty,' the district court could have done nothing more to make it clear that it was accepting [the defendant's] plea.").[1]

As this discussion demonstrates, Rule 11(d)(1) is an absolute rule: a defendant has an absolute right to withdraw his or her guilty plea before the court accepts it. Cf. United States v. Stephens, 489 F.3d 647, 654 (5th Cir. 2007) ("Following the court's acceptance of his guilty plea, Turner did not have an absolute right to withdraw that plea," thereby implying that the defendant had an absolute right to withdraw the plea pre-acceptance). Here, the record reveals—and the government concedes—that the district court did not accept Arami's plea until eight days after he submitted his motion to withdraw. Cf. United States v. Welker, 103 F. App'x 72, 73 (8th Cir. 2004) (per curiam) (reversing the district court's decision denying the defendant's withdrawal request because "[t]he government conceded error on this issue, recognizing that the district court should have permitted Mr. Welker to withdraw his guilty plea" based on the "plain meaning of [Rule 11(d)(1)]"). Under the clear language of

---

[1] The Fourth Circuit has created a bright-line test for determining when a district court has accepted a guilty plea, ruling that "once the district court has satisfied Rule 11's colloquy requirement, there is a presumption that the court has accepted the defendant's guilty plea." United States v. Battle, 499 F.3d 315, 321 (4th Cir. 2007). In a different case, the Fourth Circuit held that a magistrate judge may accept a guilty plea under the "additional duties" residual clause in 28 U.S.C. § 636(b)(3), which sets forth a magistrate judge's powers, so long as a defendant consents to having the magistrate judge perform the plea hearing and accept the plea. United States v. Benton, 523 F.3d 424, 427, 430 (4th Cir. 2008). But see United States v. Torres-Rosario, 447 F.3d 61, 67 (1st Cir. 2006) ("Technically, because the Rule 11 hearing was conducted by a magistrate judge, the plea acceptance occurred only when the district judge adopted the magistrate's recommendation."). Putting the rules from Battle and Benton together, the Fourth Circuit likely would rule that when a defendant consents to having a magistrate judge perform the plea colloquy and accept the plea, the court has accepted the plea for purposes of Rule 11(d)(1) once the magistrate judge completes the plea colloquy. Regardless, here, both parties concede that Arami did not consent to having the magistrate judge accept his guilty plea, so we leave for another day the questions of whether an acceptance occurs when the court completes the plea colloquy and whether a defendant can consent to having a magistrate judge accept a guilty plea.

Rule 11(d)(1), Arami had an absolute right to withdraw his plea, and the district court erred in denying Arami's request to do so.

B.    Plain Error

Because Arami did not raise any argument involving Rule 11(d)(1) before the district court, this court must review the district court's decision for plain error. See Vonn, 535 U.S. at 59. There are four steps in this analysis. We must initially determine "(1) whether the district court committed error; (2) whether the error is 'clear and obvious'; and (3) whether the error affects substantial rights." United States v. Stevens, 487 F.3d 232, 242 (5th Cir. 2007) (internal citations omitted). If these three conditions are present, we still cannot reverse the conviction unless the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)).

Arami easily satisfies the first two prongs of the plain error test. First, as noted above, the district court committed error under Rule 11(d)(1) by denying Arami's motion to withdraw before the court had accepted his plea. Second, this error was "clear and obvious" because the plain language of Rule 11(d)(1) is unambiguous, as it clearly gives defendants an absolute right to withdraw a plea before the district court accepts it. See Welker, 103 F. App'x at 73 (mentioning the "plain meaning of the applicable rule").

Next, Arami must establish that the error affected his "substantial rights." Olano, 507 U.S. at 734. In particular, he must demonstrate that "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (internal quotation marks omitted). The clear language of Rule 11(d)(1), which provides a defendant with an unqualified right to withdraw a guilty plea "for any reason or no reason," indicates that any error in the court's failure to consider the rule would affect a defendant's substantial rights. Without the error, Arami

6

would have been able to withdraw his guilty plea and proceed to trial, thereby demonstrating a "probability of a different result" that undermines confidence in his plea. See id. Indeed, given the unqualified nature of the right to withdraw before the court accepts the plea, it is difficult to discern any situation where an error in failing to apply Rule 11(d)(1) would not affect a defendant's substantial rights.

The government argues that the error did not affect Arami's substantial rights because he "waived" his ability to withdraw his plea by failing to object to the magistrate judge's report and recommendation within ten days. However, there is nothing in the record to suggest that Arami intentionally relinquished or abandoned his right to withdraw his plea under Rule 11(d)(1) or that he knew of his right to withdraw before the district court accepted his plea, so the waiver doctrine is inapplicable. See United States v. Arivso-Mata, 442 F.3d 382, 384 (5th Cir. 2006) (noting that the waiver doctrine applies only when a defendant knows of a particular right and consciously chooses to forego it). Additionally, Arami's failure to object to the magistrate judge's report and recommendation simply means that this court employs the plain error standard of review, not that Arami cannot assert his right to withdraw his plea at all. See Starns v. Andrews, 524 F.3d 612, 617 (5th Cir. 2008) (stating that "if a party did not object to a Magistrate Judge's Report and Recommendation, that party may not attack the proposed factual findings or legal conclusions except upon the grounds of plain error"). In sum, Arami meets his burden of showing that the court's error in failing to apply Rule 11(d)(1) affected his substantial rights because the court should have allowed Arami to withdraw his guilty plea and proceed to trial, thereby changing the result of the proceeding.

The final question is whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotation marks omitted). Arami argues that denying him his right to

have a jury determine his guilt satisfies this test. See, e.g., United States v. Bradley, 455 F.3d 453, 464 (4th Cir. 2006) ("The fact is, the jury rendered no verdict in this case; there has been no 'fair and reliable determination' of the Defendants' guilt."). We agree. Although the government suggests that the district court discounted Arami's credibility when he asserted his innocence, this fact does not support a conclusion that a court can deprive a defendant of his right under Rule 11(d)(1) to withdraw a guilty plea and proceed to trial if the court has not yet accepted the plea. Cf. Sullivan v. Louisiana, 508 U.S. 275, 279 (1993) ("[T]o hypothesize a guilty verdict that was never in fact rendered—no matter how inescapable the findings to support that verdict might be—would violate the jury-trial guarantee."). Rule 11(d)(1) sets out an absolute rule allowing a defendant to withdraw a guilty plea before the court accepts it. It follows that depriving a defendant of his unconditional right under Rule 11(d)(1) would affect the fairness, integrity, or public reputation of judicial proceedings because the defendant would lose his right to take his case before a jury.

If a district court wishes to avoid a similar situation in the future—where a defendant pleads guilty in front of a magistrate judge and then later seeks to withdraw the plea before the court accepts it—the district court simply should accept the plea more promptly. In fact, the court can accept the plea before it reviews the plea agreement and imposes a sentence. See United States v. Hyde, 520 U.S. 670, 677-78 (1997) (distinguishing a plea from a plea agreement); Jones, 472 F.3d at 909 (same). But a defendant does not relinquish his right to have a jury determine his guilt or innocence until the court actually accepts the defendant's guilty plea.

## IV. CONCLUSION

At oral argument, Arami's counsel recognized the huge risk Arami is taking in seeking to withdraw his guilty plea. Arami has served almost half of

his prison sentence under his plea agreement, and by withdrawing his plea and proceeding to trial on all five counts, he risks the possibility of incurring a much longer jail sentence if he is convicted. Nevertheless, because the district court had not accepted Arami's plea before he sought to withdraw it, Rule 11(d)(1) gives Arami this choice. Accordingly, we REVERSE the judgment of the district court and REMAND for Arami to withdraw his guilty plea and proceed to trial.

REVERSED AND REMANDED.