IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-50072
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JEFFREY MARK HICKS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-223-1

Before HIGGIBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jeffrey Mark Hicks appeals his guilty plea conviction for conspiracy to possess with intent to distribute more than five kilograms of cocaine. Hicks argues that his appeal is not barred by his appeal waiver and that the district court erred in denying his motion to withdraw his guilty plea.

The appeal waiver signed by Hicks waived Hicks's right to appeal his sentence. Acknowledging this, the Government has invoked the waiver as to sentencing challenges; it does not seek to enforce any waiver regarding

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

challenges to Hicks's conviction. See United States v. Acquaye, 452 F.3d 380, 381–82 (5th Cir. 2006). Accordingly, we address Hicks's contention that the district court erred by denying the motion to withdraw his guilty plea.

While this appeal was pending, we held in United States v. Arami, 536 F.3d 479 (5th Cir. 2008), that a defendant has an absolute right under Federal Rule of Criminal Procedure 11(d)(1) to withdraw a guilty plea before the plea is accepted by the district court. Because Hicks moved to withdraw his guilty plea prior to the time that it was accepted by the district court, he had an absolute right to withdraw his plea. Id. at 483; Fed. R. Crim. P. 11(d)(1). Accordingly, the district court erred in denying the motion to withdraw the guilty plea.

The Government contends that Hicks waived any argument that his right to withdraw was absolute under Federal Rule of Criminal Procedure 11(d)(1) by conceding in the district court and on appeal that he did not have such a right. The record does not reflect that Hicks knew of the absolute right of withdrawal under Federal Rule of Criminal Procedure 11(d)(1), or that he intentionally relinquished this right. Therefore, Hicks did not waive this argument. United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir. 2006). We reverse the district court's judgment, and we remand the case with instructions to allow Hicks to withdraw his guilty plea and to proceed accordingly.

REVERSED AND REMANDED.