# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 1, 2011

No. 10-50099
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FULGENCIO RUBIO LOREDO, also known as Fulgencio Loredo-Rubio, also known as Charlie Loredo,

Defendant-Appellant

--------------------------------------------------

Cons. w/ 10-50162

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FULGENCIO LOREDO-RUBIO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-35-1
USDC No. 1:08-CR-290-7

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fulgencio Rubio Loredo (Loredo), also known as Fulgencio Loredo-Rubio, was charged in two separate indictments with being a felon in possession of a firearm and conspiring to money launder, in violation of 18 U.S.C. §§ 2, 922(g)(1), 1856(a)(1), and 1956(h).  Loredo pleaded guilty as charged; however, after the district court accepted his guilty pleas, Loredo moved to withdraw them.  Following a hearing, the district court denied those motions.  The district court sentenced Loredo within the advisory guidelines range to 63 months of imprisonment on both counts, to be served concurrently, and to be followed by three years of supervised release.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009).  Because Loredo did not seek to withdraw his guilty pleas before the district court accepted them, he had no absolute right to withdraw his pleas.  *See United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008); FED. R. CRIM. P. 11(d).  Before sentencing, a defendant may withdraw his guilty plea that the district court has accepted if "the defendant can show a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B).  "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant."  *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

In reviewing the denial of a motion to withdraw a guilty plea, we consider whether (1) the defendant asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the withdrawal motion, (4) withdrawal would inconvenience the court, (5) close assistance of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel was available to the defendant, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Because we must consider the totality of the circumstances in applying these factors, *id.* at 344, "[n]o single factor or combination of factors mandates a particular result." *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).

Based on the totality of the circumstances, Loredo failed, both in the court below and in this court, to carry his burden of establishing a fair and just reason for the withdrawal of his guilty pleas. *See Still*, 102 F.3d at 124. Our review of the record, Loredo's arguments, and the district court's consideration of the *Carr* factors shows that the district court did not abuse its discretion in denying Loredo's motions to withdraw his guilty pleas.

Loredo contends that the sentence is procedurally unreasonable because the evidence did not support the district court's finding that 100 or more aliens were involved in the money-laundering offense and its application of the nine-level increase for that number of aliens. The applicable Sentencing Guidelines provide that nine offense levels should be added if the offense involved the smuggling, transporting, or harboring of 100 or more unlawful aliens. U.S.S.G. § 2L1.1(b)(2)(C) (2009). A district court's factual finding regarding the number of aliens transported is reviewed for clear error. *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010).

Based on the unrebutted presentence report (PSR) and evidence presented by the Government at sentencing, the district court did not clearly err in finding that the offense involved at least 100 aliens. Accordingly, there was no procedural error in the application of the nine-level enhancement.

Loredo also contends that the evidence did not support the district court's finding that he was an average, not a minor, participant in the offense, and he contends that the district court erred in denying him a two-level decrease pursuant to U.S.S.G. § 3B1.2(b). The district court's denial of a reduction for a

3

mitigating role is a factual determination that is reviewed for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). The court's determination whether to apply the minor role adjustment "is heavily dependent upon the facts of the particular case," and "the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." § 3B1.2, comment. (n.3(C)). It is the defendant's burden to establish by a preponderance of the evidence that he was entitled to the minor role reduction. *See United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001). It is not sufficient for a defendant to show that he was less involved than other participants; rather, he must show that he was "peripheral to the advancement of the criminal activity." *United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008).

Loredo offered nothing in response to the PSR and the Government's evidence and argument that Loredo did not play a minor role. Accordingly, Loredo did not prove that his role in the offense was peripheral, and based on this record, the district court did not clearly err by not awarding him a minor-role adjustment. *See Villanueva*, 408 F.3d at 203-04 & n.9.

Loredo's argument, raised for the first time on appeal, that his sentence based on judge-found facts violated the Sixth Amendment is foreclosed by circuit precedent. *See United States v. Lewis*, 476 F.3d 369, 389 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.