# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 1, 2011

Lyle W. Cayce
Clerk

No. 10-31059
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADAM LEE TOLER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-113-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

On the day his trial was scheduled to commence, Adam Lee Toler pleaded guilty to one count of interstate travel in aid of racketeering and arson and to one count of attempted arson of a building used in interstate commerce. Over three months after the district court accepted his guilty pleas, Toler moved to withdraw them. The district court denied Toler's motion. Toler was sentenced to concurrent 60-month terms of imprisonment and to a three-year term of supervised release. He appeals his convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31059

Toler argues that the district court erred in denying his motion to withdraw his guilty pleas. He contends that he pleaded guilty due to erroneous advice provided by his trial counsel.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). Because Toler did not seek to withdraw his guilty pleas before the district court accepted them, he had no absolute right to withdraw his pleas. *See United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008); FED. R. CRIM. P. 11(d). Before sentencing, a defendant may withdraw his guilty plea that the district court has accepted if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

In reviewing the denial of a motion to withdraw a guilty plea, we consider whether (1) the defendant asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the withdrawal motion, (4) withdrawal would inconvenience the court, (5) close assistance of counsel was available to the defendant, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Because we must consider the totality of the circumstances in applying these factors, *id.* at 344, "[n]o single factor or combination of factors mandates a particular result." *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).

Based on the totality of the circumstances, Toler failed, both in the district court and in this court, to carry his burden of establishing a fair and just reason for the withdrawal of his guilty pleas. *See Still*, 102 F.3d at 124. Our review of the record, Toler's arguments, and the district court's consideration of the *Carr* factors shows that the district court did not abuse its discretion in denying Toler's motion to withdraw his guilty pleas.

No. 10-31059

Insofar as Toler seeks to raise a claim of ineffective assistance of counsel in this direct appeal, we decline to consider the claim. A claim of ineffective assistance of trial counsel generally "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).

AFFIRMED.