# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2011

Lyle W. Cayce
Clerk

No. 10-41014
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONY BLANCARTE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-23-5

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tony Blancarte, Jr., and 17 others were charged in one count of a superseding indictment with conspiring to possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine "in the Eastern District of Texas and elsewhere," in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to a written plea agreement, Blancarte pleaded guilty as charged. Three months after the district court accepted his guilty plea, Blancarte moved to withdraw it. Following a hearing, the magistrate judge recommended that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion be denied. Over Blancarte's objections, the district court adopted the magistrate judge's recommendation and denied the motion. The district court sentenced Blancarte within the advisory guidelines range to 169 months of imprisonment, to be followed by five years of supervised release.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). Because Blancarte did not seek to withdraw his guilty plea before the district court accepted it, he had no absolute right to withdraw his plea. *See United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008); FED. R. CRIM. P. 11(d). Before sentencing, a defendant may withdraw his guilty plea that the district court has accepted if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

In reviewing the denial of a motion to withdraw a guilty plea, we consider whether (1) the defendant asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the withdrawal motion, (4) withdrawal would inconvenience the court, (5) close assistance of counsel was available to the defendant, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Because we must consider the totality of the circumstances in applying these factors, *id.* at 344, "[n]o single factor or combination of factors mandates a particular result," *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).

Based on the totality of the circumstances, Blancarte failed, both in the court below and in this court, to carry his burden of establishing a fair and just reason for the withdrawal of his guilty plea. *See Still*, 102 F.3d at 124. Our review of the record, Blancarte's arguments, and the district court's

No. 10-41014

consideration of the *Carr* factors shows that the district court did not abuse its discretion in denying Blancarte's motion to withdraw his guilty plea.

The judgment of the district court is AFFIRMED.