# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40431
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH BUHOLTZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-135-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Kenneth Buholtz pleaded guilty, pursuant to an agreement, to transporting a minor in interstate commerce with the intent that the minor engage in sexual activity for which a person can be charged with a criminal offense. The district court conditionally accepted Buholtz's plea and the plea agreement pending review of the Presentence Report. Buholtz later moved to withdraw his plea, but the district court denied the motion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40431

In general, Buholtz's appeal asserts errors in the denial of his motion to withdraw his guilty plea. We need not determine whether the appellate waiver in Buholtz's plea agreement bars the instant appeal because the government has waived this issue. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Before a district court accepts a guilty plea or a plea of nolo contendere, the defendant may withdraw the plea "for any reason or no reason." FED. R. CRIM. P. 11(d)(1). The rule provides the defendant "an absolute right to withdraw his or her guilty plea before the court accepts it." *United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008). After the district court has accepted a plea of guilty or nolo contendere, but before it imposes sentence, a defendant may withdraw the plea only if he "can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B).

Buholtz contends that he had an absolute right to withdraw his guilty plea because the district court had not accepted it when he filed his motion to withdraw the plea. As Buholtz concedes, his failure to raise this issue in the district court results in plain error review. *See Arami*, 536 F.3d at 483. To demonstrate plain error, Buholtz must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Under Rule 11 of the Federal Rules of Criminal Procedure, "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." *United States v. Hyde*, 520 U.S. 670, 674 (2007). Given the district court's conditional acceptance of the guilty plea, Buholtz has not shown that the district court committed clear or obvious error in requiring

him to show a fair and just reason for withdrawing his plea.  *See Puckett*, 556 U.S. at 135; *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012).

Buholtz claims that he established a fair and just reason for withdrawing his guilty plea and that the district court abused its discretion in denying his motion to withdraw it.  In determining whether there is a fair and just reason for withdrawal, the district court should consider the factors identified in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1980).  We review the denial of a motion to withdraw a guilty plea for abuse of discretion.  *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009).

Buholtz's bald assertion of innocence is insufficient to show that the district court erred in denying his motion to withdraw his guilty plea.  *See United States v. Bond*, 87 F.3d 695, 701 (5th Cir. 1996).  His delay of over 11 months in moving to withdraw his guilty plea weighs against him.  *See Carr*, 740 F.2d at 345.  Considering the actions taken by his trial attorney, we are satisfied that Buholtz had the close assistance of counsel.  *See United States v. McKnight*, 570 F.3d at 646-47.  Buholtz has waived any challenge to the district court's determination that his guilty plea was knowing and voluntary by failing to raise the issue in his appellate brief.  *See United States v. Ogle*, 415 F.3d 382, 383 (5th Cir. 2005).  Finally, we defer to the district court's determination that the government would suffer prejudice if the guilty plea were withdrawn.  *See United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991).  Based on the totality of the *Carr* factors, most of which weigh against Buholtz, the district court's denial of Buholtz's motion to withdraw his guilty plea was not an abuse of discretion.  *See United States v. Badger*, 925 F.2d 101, 103 (5th Cir. 1991).

AFFIRMED.