# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51144
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDDIE MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-178-1

Before STEWART, Chief Judge and CLEMENT and SOUTHWICK, Circuit
Judges.

PER CURIAM:*

Eddie Mendoza appeals his conviction for possession with intent to distribute heroin and the 151-month sentence he received. He argues that the district court abused its discretion by denying his motion to withdraw his guilty plea.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51144

Because Mendoza did not seek to withdraw his guilty plea before the district court accepted the plea, he had no absolute right to withdraw his plea. *See United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008); FED. R. CRIM. P. 11(d).  However, "a district court may, in its discretion, permit withdrawal before sentencing if the defendant can show a 'fair and just reason.'" *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003) (citation omitted).  When determining whether to allow a defendant to withdraw his guilty plea, the district court should consider whether: (1) the defendant has asserted his innocence; (2) withdrawal would prejudice the Government; (3) the defendant delayed in filing the motion; (4) granting the motion would inconvenience the court; (5) the defendant enjoyed close assistance of counsel; (6) the defendant knowingly and voluntarily pleaded guilty; and (7) a waste of judicial resources would result from granting the motion.  *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).  A review of the *Carr* factors in this case discloses no abuse of discretion and supports the district court's decision to deny Mendoza's motion to withdraw his plea.

While Mendoza's appeal was pending, this court decided *United States v. Hinkle*, 832 F.3d 569, 576-77 (5th Cir. 2016), wherein the court held that a conviction for delivery of a controlled substance under Tex. Health & Safety Code § 481.112 did not qualify as a "controlled substance offense" under U.S.S.G. § 4B1.1.  Relying on *Hinkle*, Mendoza filed an amended brief arguing that the district court erred when it used his 2009 conviction for manufacture or delivery of heroin under § 481.112 as a predicate offense for purposes of § 4B1.1.

We review this issue for plain error.  *United States v. Medina-Anincacio*, 325 F.3d 638, 643 (5th Cir. 2003).  To show plain error, Mendoza must show a forfeited error that is clear or obvious and that affects his substantial rights.

No. 15-51144

*Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In light of *Hinkle*, Mendoza has shown that the application of the career offender enhancement based on his 2009 conviction under § 481.112 was a clear or obvious error that affected his substantial rights. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016); *Henderson v. United States*, 133 S. Ct. 1121, 1130-31 (2013). Although Mendoza has a lengthy criminal history, there is a disparity of 133 months between the bottom of the correct guidelines range and the bottom of the incorrect guidelines range. Given that disparity, we find it appropriate to exercise our discretion to remand the case for resentencing. *See Puckett*, 556 U.S. at 135; *United States v. Martinez-Rodriguez*, 821 F.3d 659, 664-67 (5th Cir. 2016).

Accordingly, Mendoza's conviction is affirmed. We vacate the sentence and remand the case for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.