# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50881

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ABEL DE LEON,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, BARKSDALE, and HO, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Abel De Leon signed an agreement pleading guilty of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b). Yet at his initial sentencing hearing, De Leon claimed that he lacked the requisite mens rea, that the government had entrapped him, and that the factual basis of the plea was inaccurate. The court offered to schedule a trial, and De Leon welcomed the proposal. At the pretrial conference, however, De Leon again changed his

No. 17-50881

mind and pleaded guilty under the original agreement. Now on appeal he insists that the district court committed plain error by restricting his right to withdraw the guilty plea and by involving itself in plea negotiations. *See* FED. R. CRIM. P. 11(c)(1), (d)(1). We disagree and affirm.

I.

In 2012, Homeland Security agents searched De Leon's home and discovered two DVDs containing seventy-three child pornography videos, as well as forty-eight deleted videos on his computer. De Leon was charged with receipt of child pornography, 18 U.S.C. § 2252A(a)(2), (b); distribution of child pornography, *id.*; and accessing child pornography with the intent to view it, *id.* § 2252A(a)(5)(B), (b). He signed a written agreement, pleading guilty to the first charge, admitting its factual basis, and waiving appeal.

But at rearraignment, De Leon protested that he had thought viewing child pornography was legal because the videos were readily available online. He acknowledged, however, that he now understood the activity to be unlawful. After ensuring that De Leon had freely and voluntarily signed the plea agreement, the magistrate judge recommended that the district court accept the guilty plea.

At his initial sentencing hearing in April 2014, De Leon again averred that he did not knowingly or intentionally commit a crime because he thought that freely accessible videos were lawful. And while he recognized that it was unlawful to have sex with a minor, he did not know that watching such videos was also prohibited. De Leon further contended that he had been forced to accept the plea agreement even though it contained misleading information. Specifically, he claimed that he had already deleted all the illegal images at the time of the search and that the two DVDs found at his house did not belong

No. 17-50881

to him. Finally, he alleged that the government deliberately allowed websites to feature child pornography to entrap people like him.

The district court offered to withdraw the plea and to proceed to trial. But the court warned that law enforcement had no duty to expurgate all illegal images from the internet and that an entrapment defense would not be a "winning strategy" at trial. De Leon requested a trial, and the court scheduled a docket call. The parties confirmed at the docket call that they were ready for trial, and in June 2014 there was a pretrial conference and jury selection.

At the pretrial conference, De Leon's counsel noted that he did not intend to raise any affirmative defense. The court stated that it had not withdrawn the plea agreement and that the only reason it had scheduled a trial was to give De Leon the opportunity to present his affirmative defense. Now that counsel had resolved not to present an entrapment defense, the district judge remarked, "I don't know that I'm real inclined to allow [De Leon] to withdraw his plea." Speaking on his own behalf, De Leon then clarified that he wanted to raise entrapment.

The court responded that De Leon could not present that defense because he had failed to file timely notice of his intent to do so.[1] Because ignorance of the law is no defense, the court rejected De Leon's claim that he did not knowingly commit a crime. Lastly, the court ruled that any dispute over the number of illegal images in De Leon's possession was a sentencing issue reserved for the court, not the jury. The court agreed, however, to consider his arguments at sentencing and to allow him to contest the number of videos and the manner in which the government had conducted its investigation.

---

[1] *See* FED. R. CRIM. P. 12.3 (requiring notice of a defendant's intent to assert a public-authority defense).

No. 17-50881

Upon receiving those assurances, De Leon decided to renew his guilty plea. The court asked whether he was coerced into accepting the plea agreement. De Leon replied that "in a way, [the court] shot my defense down," but he ultimately conceded that he suffered no coercion. The court scheduled a sentencing hearing for the next day, at which it accepted De Leon's guilty plea and imposed the statutory maximum.

## II.

De Leon asserts that the district court plainly erred by restricting his right to withdraw the guilty plea and by involving itself in plea negotiations. *See* FED. R. CRIM. P. 11(c)(1), (d)(1). He asks that we vacate the conviction and sentence and assign his case to a different judge on remand.[2]

Plain-error review applies where, as here, the defendant "fail[ed] to preserve an error by specific objection in the trial court."[3] We need not wade through the methodology for plain error because there is no error, plain or otherwise.

## A.

Before a district court accepts a guilty plea, the defendant may withdraw it "for any reason or no reason." FED. R. CRIM. P. 11(d)(1). The defendant enjoys "an absolute right to withdraw his or her guilty plea before the court accepts it." *United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008) (citation

---

[2] Because the merits of De Leon's claims implicate the validity of the plea agreement, we pretermit consideration of the appeal waiver. *See United States v. Draper*, 882 F.3d 210, 214 & n.3 (5th Cir.), *cert. denied*, 138 S. Ct. 2637 (2018).

[3] *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

## No. 17-50881

omitted).  Once the court accepts the plea, however, the defendant has no un-conditional right to withdraw it.  *See id*. (citing FED. R. CRIM. P. 11(d)(2)).

Both parties recognize that the district court neither explicitly nor implicitly accepted De Leon's guilty plea until the second sentencing hearing in June 2014.  After all, the court never expressly accepted the plea before that date.  Moreover, the court would not have set the case for docket call or empaneled a jury if it had previously accepted the plea agreement.  Hence, De Leon had an unqualified right to withdraw his plea before the second sentencing hearing.  *See id.*

The court faithfully upheld De Leon's absolute right to withdraw his guilty plea.  Once De Leon denied having the requisite mens rea and disputed the factual basis of the plea, the court immediately offered to withdraw the agreement.  When De Leon agreed to go to trial, the court scheduled a docket call and empaneled a jury.  In doing so, the court stated that it did not want De Leon "to get up here and ever say he was forced by anybody to accept one thing or the other."  Hence, the court was fully prepared to subject De Leon's case to the crucible of trial.

The only reason that a trial did not occur was that De Leon continued to waffle.  After the court ruled that his defenses were inadmissible, De Leon changed his mind—for the second time—and renewed his guilty plea.  This case is thus distinct from *Arami*, in which we held that the district court had plainly erred by denying the defendant's motion to withdraw his guilty plea.[4]  In contrast, De Leon never formally requested to withdraw his plea but,

---

[4] *Arami*, 536 F.3d at 483.  *See also United States v. Cessa*, 626 F. App'x 464, 468, 470 (5th Cir. 2015) (per curiam) (noting that the case was "materially indistinguishable" from *Arami*).

No. 17-50881

instead, continued to waver before ultimately deciding to persist in his original guilty plea. There can be no error under such circumstances.

De Leon claims, however, that the district court improperly conditioned the withdrawal of the plea on his decision to pursue an affirmative defense. But far from imposing any such condition, the court merely expressed confusion as to whether De Leon was intent on going to trial.[5] Indeed, the court noted that it had scheduled a trial because De Leon had desired an opportunity to present his affirmative defense. Yet now that counsel had resolved not to present an entrapment defense, the district judge was understandably puzzled. Especially given De Leon's chronic indecision, the judge's stray comments do not amount to a violation of Rule 11(d)(1).

## B.

Rule 11(c)(1) prohibits the court from participating in plea discussions between the government and the defendant or his attorney. *See* FED. R. CRIM. P. 11(c)(1). "It is a bright line rule that constitutes an absolute prohibition on all forms of judicial participation in or interference with the plea negotiation process." *Draper*, 882 F.3d at 215 (internal quotation marks and citation omitted).

The rule serves three purposes. First, "it diminishes the possibility of judicial coercion of a guilty plea," regardless of whether the coercion would actually cause an involuntary plea.[6] Second, it preserves the "trial court's im-

---

[5] "If [counsel's] strategy now is not to present any evidence of an affirmative defense, then why should I reject the plea?"; "Now what I'm understanding is . . . there is not going to be an entrapment defense, so what are we doing?"

[6] *United States v. Daigle*, 63 F.3d 346, 348 (5th Cir. 1995) (citing *United States v.*

partiality," lest the "judge who suggests or encourages a particular plea bargain . . . feel a personal stake in the agreement" and "resent the defendant who rejects his advice." *United States v. Pena*, 720 F.3d 561, 571 (5th Cir. 2013) (quoting *Miles*, 10 F.3d at 1139). Third, it avoids confusion over "the judge's role in the proceedings,"[7] ensuring that he remains a "neutral arbiter" rather than an "advocate for the agreement." *Daigle*, 63 F.3d at 348. "In light of these considerations, we have not hesitated to find a Rule 11 error even when the court's participation is minor and unintentional." *United States v. Ayika*, 554 F. App'x 302, 305 (5th Cir. 2014) (per curiam).

In assessing a claim of improper judicial participation, we consider "whether the court was actively evaluating a [defendant's decision to plead guilty], as the court is required to do, rather than suggesting what should occur or injecting comments while the parties are still negotiating." *Draper*, 882 F.3d at 216 (quoting *United States v. Hemphill*, 748 F.3d 666, 673 (5th Cir. 2014)). A trial judge violates Rule 11(c)(1) by making statements that may be "construed as predictive of the defendant's criminal-justice outcome; suggestive of the best or preferred course of action for the defendant; or indicative of the judge's views as to guilt." *Id.* at 215 (citing *Ayika*, 554 F. App'x at 305). But a judge does not offend the rule "where performing the duties mandated by Rule 11(b)." *Id.* (citing *Miles*, 10 F.3d at 1140).

The district court never interfered in active negotiations, given that the comments at issue occurred after De Leon had volitionally signed the plea agreement and disclosed its terms to the district court. Hence, this case is distinguishable from *United States v. Rodriguez*, 197 F.3d 156, 159–60 (5th

---

*Miles,* 10 F.3d 1135, 1139 (5th Cir. 1993)).

[7] *Pena*, 720 F.3d at 571 (quoting *Miles*, 10 F.3d at 1139).

No. 17-50881

Cir. 1999), and *Pena*, 720 F.3d at 574–75. In *Rodriguez*, the court had made suggestive statements before the defendant signed the plea agreement. *Rodriguez*, 197 F.3d at 158. And in *Pena*, the judge had made improper remarks before the terms of the plea agreement were revealed to the court.[8] In both cases, we vacated the convictions because, absent the court's participation, it was unclear whether, and under what terms, the defendants would have pleaded guilty. Such is not a concern here.

De Leon counters that he withdrew his guilty plea at the initial sentencing hearing and that the court improperly entered ongoing negotiations at the pretrial conference. De Leon's tale plays fast and loose with the record. Though, at the initial sentencing hearing and the docket call, he evinced a desire to go to trial, De Leon never moved to withdraw his guilty plea, and he continued to vacillate at the pretrial conference. Because De Leon never clearly withdrew his signed plea agreement, the district court did not participate in ongoing negotiations. Instead, it fulfilled its duty "actively [to] evaluat[e] a [defendant's decision to plead guilty]." *Draper*, 882 F.3d at 216 (quoting *Hemphill*, 748 F.3d at 673 ).

But even if De Leon had withdrawn his plea, there was no violation of Rule 11(c)(1). According to De Leon, the court pressured him into renewing his guilty plea by stating that he could proceed to trial only if he presented an entrapment defense and by then barring that defense. Yet as already discussed, the district court imposed no such condition on his right to a trial. Rather, the court was justifiably perplexed by De Leon's mercurial intentions.

---

[8] *Id.* at 574–75. *See also United States v. Crowell*, 60 F.3d 199, 204 (5th Cir. 1995) (finding it "critical" that the court's comments were "injected into the discussions while the parties were still preparing the [plea] agreement").

No. 17-50881

De Leon next maintains the court improperly entered negotiations by suggesting that none of his defenses would lead to an acquittal. But the court merely ruled on the admissibility of De Leon's defenses at trial. Indeed, it held that De Leon could not present an entrapment defense because he had failed to provide timely notice of his intent to do so. *See* FED. R. CRIM. P. 12.3. Moreover, explaining that ignorance of the law is no defense, the court rightly rejected De Leon's claim that he did not knowingly commit a crime. The court also determined that De Leon could contest the number of images at sentencing but not before the jury. Nothing in Rule 11(c)(1) prevents the court from making such evidentiary rulings, and De Leon does not challenge them here.[9]

Finally, De Leon urges that the district court erred by "chang[ing] the terms of the [plea] agreement." *Rodriguez*, 197 F.3d at 159 (citation omitted). De Leon initially agreed not to dispute the factual basis of the plea. But later at the pretrial conference, the court offered to schedule an evidentiary hearing to determine the number of illegal images and the manner in which the government had conducted the investigation. De Leon asserts that, in doing so, the court altered the terms of the agreement by allowing him to contest facts he had previously promised not to challenge.

That argument is frivolous. The plea agreement stated that two DVDs containing seventy-three child pornography videos were found in De Leon's house. It further stipulated that De Leon was the sole owner with exclusive access to the desktop computer, that he had searched for and viewed illegal

---

[9] At the initial sentencing hearing, the district court observed that De Leon's proposed entrapment defense was "not a winning strategy." Though the court may not make statements that suggest the preferred course of action for a defendant, *Draper*, 882 F.3d at 215, that remark did not occur during active plea negotiations. The district judge made that comment *after* De Leon had signed the plea agreement and *before* he expressed any inclination to withdraw it. *Cf. Rodriguez*, 197 F.3d at 159–60.

images, and that he subsequently had deleted them from his computer. But nowhere did the agreement specify that the two DVDs belonged to De Leon. In allowing De Leon to contest his ownership of the DVDs for sentencing purposes, the district court therefore did not change the terms of the plea agreement.

There is no error. The judgment of conviction and sentence is AFFIRMED.