# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2021

Lyle W. Cayce
Clerk

No. 21-40122
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HENRY ACEVEDO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-565-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Henry Acevedo pleaded guilty to possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). He contends the district court erred by conducting his rearraignment by video conference.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40122

As an initial matter, the Government seeks to enforce the appeal-waiver in Acevedo's plea agreement. Acevedo counters his challenge is not subject to it. Because his challenge fails on the merits, we need not resolve this issue. *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006) (noting appeal waivers "do not deprive [our court] of jurisdiction"); *United States v. De Leon*, 915 F.3d 386, 389 n.2 (5th Cir. 2019) (pretermitting waiver because merits of defendant's challenge implicated plea-agreement's validity).

Federal Rule of Criminal Procedure 43 requires defendant to be "present" when entering a plea. FED. R. CRIM. P. 43(a)(1) (prescribing rules regarding defendant's presence). This means physical presence. *See United States v. Navarro*, 169 F.3d 228, 235–39 (5th Cir. 1999) (holding sentencing conducted by video conference violates Rule 43, "[a]bsent a determination by Congress that closed circuit television may satisfy the presence requirement" (citation omitted)).

Acevedo, however, did not object to the court's conducting his rearraignment by video conference; to the contrary, he consented to that method. He maintains, nonetheless, his challenge should be reviewed *de novo*, contending Rule 43 violations are reversible *per se*. *But see United States v. Thomas*, 724 F.3d 632, 641 (5th Cir. 2013) (noting defendant must demonstrate prejudice). For the reasons that follow, Acevedo's challenge is not subject to *de novo* review.

Because, as discussed *infra*, Acevedo did not raise this challenge in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Acevedo must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the

discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

As noted, Acevedo does not dispute he knowingly and voluntarily waived the right to enter his plea in person. Instead, he contends: his consent is void *ab initio* because compliance with Rule 43 cannot be waived; and a condition was not satisfied for proceeding remotely, pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 15002(b), 134 Stat. 281, 528–29 (2020) (CARES Act) (permitting, subject to certain requirements, video teleconferencing in listed criminal proceedings, including arraignments).

As for Acevedo's first contention, given his failure to identify a decision of our court holding or explaining defendant cannot waive his right to be present under Rule 43(a), any error in this regard was not "clear or obvious". *Puckett*, 556 U.S. at 135; *see United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015) (noting "lack of binding authority is often dispositive in the plain-error context"). Acevedo also fails to explain: how the purported error affects his substantial rights; or how leaving it uncorrected affects the fairness, integrity, or public reputation of judicial proceedings. Regarding his CARES-Act challenge (district court did not state reasons for why delaying plea would cause "serious harm to the interests of justice"), he has not demonstrated it warrants reversal under the plain-error standard.

AFFIRMED.