# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10912
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JACOB JOSHAD ROBINSON,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-114-1

————————————————————

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Jacob Joshad Robinson pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 37 months' imprisonment. On appeal, he argues that § 922(g)(1) is unconstitutional—both facially and as applied—and exceeds Congress's authority under the Commerce Clause. He also contends that the district

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court erred in accepting his guilty plea, claiming the factual basis failed to support the offense's elements as reframed by his Commerce Clause theory. The Government moves to dismiss the appeal based on Robinson's appeal waiver. In the alternative, it seeks summary affirmance, arguing that each of Robinson's arguments is foreclosed by precedent.

We need not decide whether Robinson's appeal waiver applies because summary affirmance is appropriate here. *See United States v. Thompson*, 54 F.4th 849, 851 (5th Cir. 2022); *United States v. DeLeon*, 915 F.3d 386, 389 n.2 (5th Cir. 2019). Summary affirmance is warranted when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Robinson concedes he did not raise an as-applied challenge to § 922(g)(1) in the district court but seeks plain-error review. We hold that Robinson is "unable to demonstrate the requisite clear-or-obvious error for his as-applied challenge to the constitutionality of § 922(g)." *United States v. Linan*, No. 24-50141, 2024 WL 5205740, at *1 (5th Cir. Dec. 24, 2024), *cert. denied*, No. 24-6879, 2025 WL 1151364 (U.S. Apr. 21, 2025). Moreover, as the Government notes—and Robinson concedes—binding precedent forecloses both his statutory and constitutional challenges to § 922(g)(1), as well as his argument that the factual basis was inadequate. *See United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025); *United States v. Jones*, 88 F.4th 571, 572 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024); *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's

No. 24-10912

motion to dismiss and alternative request for an extension of time to file its brief are DENIED as moot.