**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10496
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

DANIEL BELMONTE-MARTIN, also known as Jose Angel Rivera, also
known as Jose Angel Rivera Martinez, also known as Raul Trejo

                    Defendant - Appellant

                    --------------------
            Appeal from the United States District Court
                for the Northern District of Texas
                   USDC No. 3:03-CR-359-ALL-D
                    --------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Daniel Belmonte-Martin ("Belmonte") appeals his guilty-plea

conviction for illegal reentry into the United States after

deportation.  He was sentenced to 46 months of imprisonment and

to a three-year term of supervised release.  Belmonte's court

appointed attorney on appeal moved to withdraw and filed a brief

pursuant to Anders v. California, 386 U.S. 738 (1967).  Counsel's

motion was denied and briefing was ordered on the following

issue:  whether the district court's statement at sentencing

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding the existence of a plea agreement constitutes plain error affecting Belmonte's substantial rights.

Counsel complied with this court's order and filed a brief addressing the above issue and also raised two additional issues regarding Belmonte's sentence. Counsel, on behalf of Belmonte, argues that the district court's statement that no plea agreement existed in the instant case should be understood as indicating the district court's implicit rejection of the plea agreement. He further asserts that the district court plainly erred in rejecting the plea agreement without giving Belmonte an opportunity under FED. R. CRIM. P. 11(c)(5) to withdraw his guilty plea. He thus contends that this court should not enforce the plea agreement's waiver-of-appeal provision, and consequently address the merits of Belmonte's sentencing claims raised on appeal.

The Government argues that the district court's statement at sentencing that there was no plea agreement in the instant case was not plain error because the record as a whole indicates that the district court implicitly accepted the plea agreement. In support of its argument, the Government points out that the district court did not follow the procedure required by FED. R. CRIM. P. 11(c)(5) in rejecting a plea agreement. The Government further points out that the district court did accept, as provided in the plea agreement, the Government's recommendation that Belmonte be sentenced at the low end of the

applicable guideline range.  The Government also points out that the probation officer referred to the plea agreement throughout the presentence report.

While the Government's argument is reasonable, it is not entirely persuasive because the district court expressly stated on the record that no plea agreement existed in the instant case. It is unclear from the record whether the district court intended to accept or reject the agreement at sentencing.  The resolution of whether Belmonte's substantial rights have been affected by the district court's error depends on whether the district court intended to accept or reject the agreement.  Likewise, whether this court can address the merits of Belmonte's sentencing claims, which he raises on appeal, depends on whether the district court intended to accept or reject the agreement. Accordingly, the case is REMANDED for the limited purpose of clarifying the record as to whether the district court accepted or rejected the plea agreement at Belmonte's sentencing.  We retain jurisdiction over the appeal.

LIMITED REMAND.