United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 24, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-50221
Summary Calendar

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DANIEL WILD,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
(3:05-CR-1077-ALL)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Daniel Wild appeals his guilty-plea conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952(a), 960(a)(1).

For the first time on appeal, Wild contends his plea agreement is unenforceable because the district court: failed to accept it; and failed to conform to FED. R. CRIM. P. 11(c)(4) ("If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

11(c)(1)(A) ..., the agreed disposition will be included in the judgment.")

If a defendant fails to object to Rule 11 error in district court, our review is only for plain error. **United States v. Vonn**, 535 U.S. 55, 58-59 (2002). Under such review, Wild must show a clear or obvious error that affected his substantial rights. *E.g.*, **United States v. Castillo**, 386 F.3d 632, 636 (5th Cir.), *cert. denied*, 543 U.S. 1029 (2004). Even then, we retain discretion to correct the error; ordinarily, we will *not* do so unless it "affects the fairness, integrity, or public reputation of judicial proceedings". **Id.** (citation omitted). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." **United States v. Dominguez Benitez**, 542 U.S. 74, 83 (2004).

The rearraignment transcript shows the district court discussed, and implicitly accepted, the plea agreement in conjunction with accepting the guilty plea. The court did *not* specifically reject the plea agreement, pursuant to FED. R. CRIM. P. 11(c)(5). Wild received the benefits of the plea agreement and has *not* shown he would *not* have pleaded guilty but for the claimed error. Accordingly, Wild fails to show plain error. *See Vonn*, 535

2

U.S. at 58-59; *United States v. Morales-Sosa*, 191 F.3d 586, 587-88 (5th Cir. 1999).

Wild further asserts, also for the first time on appeal, the district court's claimed failure to accept the plea agreement renders its waiver provision unenforceable. As noted, the agreement was implicitly accepted. In any event, the waiver provision was limited to the right to appeal Wild's *sentence*, which is *not* at issue.

In addition, Wild contends the district court erred by denying his motion to withdraw his guilty plea, claiming he did not fully discuss all potential issues with his counsel. "A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

Wild has not demonstrated the court abused its discretion in weighing the relevant factors cited in *United States v. Carr*, 740 F.3d 339, 343-44 (5th Cir. 1984). The rearraignment transcript shows that, although Wild was given every opportunity to delay his guilty plea, he desired to proceed. Further, the record reflects Wild's satisfaction with his counsel and his admissions to the offense of conviction. Wild did *not* carry his burden of showing a fair and just reason for withdrawing his plea. *See Powell*, 354 F.3d at 370.

3

Finally, Wild maintains the district court erred by failing to hold an evidentiary hearing on his plea-withdrawal motion. Because Wild did *not* request such a hearing, our review is only for plain error. *See*, *e.g.*, **Castillo**, 386 F.3d at 636. Wild fails to establish such error, as he presents no specific evidence establishing either his innocence or his plea's involuntariness. *See* **Powell**, 354 F.3d at 370-71.

**AFFIRMED**