**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN DOE,[*]

Defendant-Appellant.

No. 05-3419
(D.C. No. 01-CR-10143-MLB)
(D. Kan.)

**ORDER**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Appellant pled guilty to misprision of a felony. His plea agreement with the government contained a waiver of appellate rights. The plea agreement also contained a section regarding substantial assistance as well as an acknowledgment that the sentence would be determined solely by the court. Although the court accepted the guilty plea, it deferred its ruling on the plea agreement pursuant to Fed. R. Crim. P. 11 and U.S.S.G. § 6B1.1.

The government filed a U.S.S.G. § 5K1.1 motion requesting that Appellant be sentenced to time served because he had given substantial assistance to the

---

[*]We hereby grant Appellant's pending and unopposed motion to conceal Appellant's identity, and we therefore refer to Appellant as either "John Doe" or simply "Appellant."

government and because the government believed he would be useful in future investigations. However, the district court denied the motion and chastised the government for believing Appellant would cooperate in the future. The district court told the government that Appellant "isn't any more going to cooperate with you than the man in the moon," but, in the unlikely event continued cooperation did occur, the government could "come back in a year under Rule 35 and present to [the court] something that he has cooperated on." In denying the motion, the court made no mention of the assistance already provided by Appellant, which the DEA agent testifying for the government characterized as "substantial." After the court denied the 5K1.1 motion, the government and Appellant both requested a sentence at the low end of the guideline range. The district court, however, sentenced Appellant to the high end of the range.

Having deferred ruling on the plea agreement at the plea hearing, the district court failed to accept or reject the agreement at sentencing. The government's argument appears to be that because the district court did not explicitly reject the plea agreement, the court therefore must have implicitly accepted it. Appellant in turn argues that the district court's denial of the government's 5K1.1 motion constituted an implicit rejection of the plea agreement because substantial assistance was an express part of the agreement.

We find the record ambiguous as to whether the court intended to accept or reject the agreement. At the end of the sentencing hearing, the court told

Appellant, "I think you waived your right to appeal in the plea agreement, but I'm still required to advise you that you have a right to appeal. It won't do you any good, but you can appeal." We are unable to determine why the court first stated that Appellant had waived his right to appeal and then advised him that he had a right to appeal. We also note that, although the court had discretion to reject the government's 5K1.1 motion, its decision to reject such a major benefit codified in the plea agreement causes us to wonder whether it also intended to reject the agreement. The court's incredulity regarding Appellant's willingness to give future cooperation and its suggestion that the government bring a 35(b) motion if he did cooperate[1] strongly suggest that the court did not believe Appellant would follow the terms of the agreement. Rather than merely rejecting the parties' sentencing recommendation, the court appears to have rejected the terms of the plea agreement.

In *United States v. Belmonte-Martin*, 127 Fed. App'x. 719 (5th Cir. 2005)

---

[1] We note that several of our sister circuits have held that a sentencing judge may not consider the possibility of future 35(b) relief in deciding on downward departure on a 5K1.1 motion. *See, e.g., United States v. Drown*, 942 F.2d 55, 59 (1st Cir. 1991) ("[T]he prospect of Rule 35(b) relief in the future cannot be allowed to alter or influence the decisions of the prosecution, or the deliberations of the court, at sentencing."); *United States v. Barnette*, 427 F.3d 259, 262 (4th Cir. 2005) (quoting *Drown*, 992 F.2d at 59); *United States v. Bureau*, 52 F.3d 584, 595 (6th Cir. 1995) ("[T]he sentencing judge has an obligation to respond to a § 5K1.1 motion and to then state the grounds for action at sentencing without regard to future events."). Because we do not reach the merits of the appeal in this order, we do not address this issue here.

(unpublished), the government argued that the defendant's appeal should be dismissed because the plea agreement contained an appellate waiver. However, the Fifth Circuit held that because the district court had stated that there was no plea agreement, it was "unclear from the record whether the district court intended to accept or reject the agreement at sentencing." *Id*. at 720. Thus, the court partially remanded the matter to the district court for the purpose of clarifying whether the plea agreement had been accepted or rejected.

We believe the Fifth Circuit's approach is a sensible solution to the problem.[2] If the district court rejected the terms of the plea agreement, Appellant's appeal rights are not curtailed. Accordingly, we must delay addressing the merits of the appeal until we know whether the court intended to reject or accept the agreement. We therefore remand the case for the limited purpose of clarifying the record as to whether the district court accepted or

---

[2] We note that the Fourth and Sixth Circuits have stated that, when the record is ambiguous regarding whether the district court accepted, rejected, or deferred ruling on a plea agreement at the plea hearing, the ambiguity is treated as tacit acceptance by the court. *See United States v. George*, 898 F.2d 148 (table), 1990 WL 27208 (4th Cir. 1990) (unpublished); *United States v. Skidmore*, 998 F.2d 372 (6th Cir. 1993). However, that is a different situation from the instant case, in which the court explicitly stated at the plea hearing that it would defer ruling on the plea agreement and then failed to revisit the decision. Additionally, each of those cases arose when the district court decided to impose a sentence that did not conform to the terms of the plea agreement. The appellate courts then ruled that the ambiguity in the record would be construed against the district court, and thus that the court would be treated as having accepted the agreement. Due to the different circumstances involved in those cases, we believe the Fifth Circuit's approach is more appropriate in the instant situation.

rejected the plea agreement at sentencing.

Entered for the Court


Monroe G. McKay
Circuit Judge