# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2013

Lyle W. Cayce
Clerk

No. 12-60005

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

ANTONIO HUGHES,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Antonio Hughes appeals his convictions and sentence in this drug distribution conspiracy case. We AFFIRM in part and REVERSE in part the judgment of the district court.

## FACTS AND PROCEEDINGS

Hughes was charged by indictment with one count of conspiracy to distribute fifty grams or more of a substance containing cocaine base (Count 1, the "conspiracy count"), in violation of 21 U.S.C. § 846, and four counts of using a telephone to facilitate the commission of a drug crime (Counts 2-5, the "telephone counts"), in violation of 21 U.S.C. § 843(b). At his initial appearance, Hughes pleaded not guilty to all counts of the indictment.

No. 12-60005

The morning that his trial was to commence, Hughes agreed to plead guilty. At his change-of-plea hearing, the Government informed the district court that it had entered into

> an oral agreement [with Hughes] that if [he] were to plead guilty to the first count, being the conspiracy count, the government will ask the court to continue Counts 2 through 5 until sentencing, after which time the government intends to move to dismiss Counts 2 through 5. . . . Also, the government would recommend at sentencing that the defendant receive the lower 50 percent of the guideline range as it applies to Count 1 of the indictment.

The district court then asked Hughes whether he understood that the court was "not bound by the government's recommendation," and Hughes replied affirmatively.

After the Government read a factual basis for the charges, the district court asked Hughes whether he conceded the truthfulness of the Government's recitation. Hughes initially refused to do so. His attorney, after consulting with Hughes, clarified for the district court that Hughes took issue with a part of the factual basis that indicated that he had distributed drugs on behalf of his supplier, when in reality he was only prepared to admit that he was selling drugs on his own behalf. Hughes affirmed to the district court that this was his complaint with the factual basis. The district court had Hughes confirm that he was admitting that he was guilty of the offenses charged in the indictment, Hughes then pleaded guilty to all five counts, and the district court accepted his guilty pleas.

Hughes subsequently moved to withdraw his guilty pleas, but the district court denied this motion after a hearing. At sentencing, the Government reminded the district court that it "did during the defendant's plea agree to

2

No. 12-60005

dismiss Counts 2 through 5 at the conclusion of sentencing," but the district court nevertheless handed down sentences on all five counts of the indictment. The district court sentenced Hughes to 121 months' imprisonment on the conspiracy count and 48 months' imprisonment on each of the four telephone counts, all to run concurrently, five years of supervised release, a fine, and special assessments for all five counts. Hughes timely appeals.

## STANDARD OF REVIEW

We review claims not raised before the district court for plain error only. *United States v. Trejo*, 610 F.3d 308, 318-19 (5th Cir. 2010). When there was (1) an error below, that was (2) clear and obvious, and that (3) affected the defendant's substantial rights, a "court of appeals has the *discretion* to correct it but no obligation to do so." *Id.* at 319. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under [Federal Rule of Criminal Procedure 11], must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

We review a district court's denial of a motion to withdraw a guilty plea and a district court's denial of a motion to dismiss counts of an indictment for abuse of discretion. *United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007) (motion to withdraw a guilty plea); *see United States v. Davis*, 285 F.3d 378, 383 n.3 (5th Cir. 2002) (motion to dismiss counts of an indictment).

## DISCUSSION

Hughes raises three arguments on appeal. First, he argues that his change-of-plea hearing was procedurally deficient under Federal Rule of Criminal Procedure 11, requiring vacatur of his guilty pleas. Second, he

No. 12-60005

contends that the district court abused its discretion in denying his motion to withdraw his guilty pleas. Third, he asserts that the district court abused its discretion in not dismissing the telephone counts on the Government's motion.

### 1. Change-of-plea hearing

Hughes argues that his change-of-plea hearing was procedurally deficient under Rule 11 in four ways: (A) the factual basis provided by the Government was insufficient; (B) the district court failed to explain fully the consequences of his guilty pleas to the telephone counts; (C) the district court misstated the mandatory minimum and statutory maximum sentences he faced; and (D) the district court failed to inform him of the mandatory special assessments that would form a part of his sentence. Because Hughes failed to object on any of these grounds before the district court, our review is for plain error only. *Trejo*, 610 F.3d at 318-19.[1] Obtaining relief for Rule 11 violations on plain error review "will be difficult to get, as it should be." *Dominguez Benitez*, 542 U.S. at 83 n.9. "[J]ust as there are many fair trials but few perfect ones, so flaws are also to be

---

[1] In addition to the arguments that Hughes makes in his briefs, the dissent argues in favor of construing Hughes's briefing as implicitly raising a Federal Rule of Criminal Procedure 11(c)(3)(A) challenge to the district court's handling of Hughes's plea. However, "[i]t has long been the rule in this circuit that any issues not briefed on appeal are waived," *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000), and Hughes has not briefed any potential error under Rule 11(c)(3)(A).

The dissent further argues that, even if waived, we should *sua sponte* raise this issue as this case presents "exceptional circumstances." *United States v. Meza*, 701 F.3d 411, 433 (5th Cir. 2012) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). *Meza* was a case in which an appellant faced 120 months' imprisonment as a result of a clear Double Jeopardy error. *Id.* at 433-34. Hughes faced effectively no additional term of imprisonment as a result of any purported Rule 11(c)(3)(A) error, as his sentences on Counts 2-5 were set to run concurrently to his sentence on Count 1. Furthermore, we herein give Hughes the benefit of his plea agreement in reversing the district court's failure to dismiss Counts 2-5. *See infra* Part 3. We decline to hold that "exceptional circumstances" are presented by a putative error with such a de minimis impact.

No. 12-60005

expected in Rule 11 proceedings." *Id.* (alteration in original) (quoting *United States v. Raineri*, 42 F.3d 36, 45 (1st Cir. 1994)). For the reasons that follow, we hold that Hughes has failed to meet this stringent standard.

*(A) Factual basis*

Hughes contends that the factual basis recited by the Government at his change-of-plea hearing established no basis for guilt with respect to three of the telephone counts, because it did not explicitly tie any relevant offense conduct to the dates on which the indictment alleged the three offenses had occurred. He further argues that the Government provided only a questionable basis for the conspiracy count and the fourth telephone count because, when he was first asked whether the Government's factual basis as recited was true, he answered, "no." Both of these arguments are unavailing.

"In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting the conviction." *Trejo*, 610 F.3d at 313. An indictment, "if specific," is an acceptable record document for such an inquiry. *Id.* at 317. Hughes's indictment sets out the dates and locations of Hughes's use of a telephone in connection with his drug trafficking activity. This indictment, taken together with the factual basis at the change-of-plea hearing, constitutes sufficient evidence in the record to support Hughes's guilty pleas and convictions on these three counts.

Furthermore, the exchange Hughes points to in challenging the conspiracy count and the fourth telephone count does not fairly reflect the colloquy at the change-of-plea hearing. After his initial negative answer, Hughes and his attorney conferred, and his attorney informed the district court that Hughes's

No. 12-60005

objection to the factual basis was rooted in its implication that Hughes had been selling drugs on behalf of his supplier, while Hughes was only willing to admit that he had been selling on his own behalf drugs that he purchased from the supplier.  After this clarification, the district court asked Hughes, "Are you guilty of these offenses that are charged in the indictment?"  Hughes responded, "Yes, sir."  In light of this final exchange, the colloquy, considered along with the indictment and other factual sources in the record, *see id.* at 313, 317, was sufficient to support Hughes's guilty pleas and convictions on these two counts as well.

### (B) Consequences of guilty plea

Hughes next alleges that the district court failed to explain to him the consequences of his guilty pleas to the telephone counts, as required by Rule 11, because it did not inform him that it could refuse to dismiss these counts in spite of the plea agreement.  We decline to address the sufficiency of the district court's explanation of the consequences of the guilty plea.  Because we reverse the district court's decision not to dismiss the telephone counts, *see infra* Part 3, giving Hughes the full benefit of the plea agreement in this regard, any Rule 11 error in the district court's explanation of the ramifications of pleading guilty to the telephone counts did not affect Hughes's substantial rights.  *See Trejo*, 610 F.3d at 319.

### (C) Sentencing range

Before accepting a guilty plea, a district court is required to inform the defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release," FED. R. CRIM P. 11(b)(1)(H), and of "any mandatory minimum penalty," FED. R. CRIM P. 11(b)(1)(I).  Failure to inform a defendant

correctly as to the sentencing range he faces as a result of his guilty plea can be grounds for vacatur of the plea. *See United States v. Still*, 102 F.3d 118, 122-23 (5th Cir. 1996).

At Hughes's change-of-plea hearing, the district court informed him that he faced a mandatory minimum 10 years' imprisonment and a maximum possible penalty of life imprisonment. This sentencing range was correct prior to the enactment of the Fair Sentencing Act, but under the terms of the Act, which was passed after Hughes's offenses but before he was sentenced, Hughes faced minimum and maximum penalties of 5 years' and 40 years' imprisonment. Although we had previously held that the Act was inapplicable to offenses that were committed prior to its enactment, *see United States v. Tickles*, 661 F.3d 212, 214-15 (5th Cir. 2011), the Supreme Court has since held the Act applicable to all offenders *sentenced* after its enactment, *Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012), a category that includes Hughes.

Although the district court correctly applied the law as it stood in this circuit at the time of the change-of-plea hearing, a district court's decision rendered erroneous by a subsequent change in the law can constitute reversible plain error so long as the error is plain "at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 468 (1997). Based on the district court's now-apparent error in setting out the sentencing range, Hughes contends that he is entitled to vacatur of his guilty pleas because, if he had not been told that he faced a life sentence, he would not have pleaded guilty.

We hold that Hughes is not entitled to the relief he seeks because he has not shown a reasonable probability that, but for the Rule 11 error committed, he would not have pleaded guilty. *See Dominguez Benitez*, 542 U.S. at 83.

No. 12-60005

Although Hughes can point to facts in the record that tend to show that he was generally hesitant about pleading guilty, "he does not direct this court to any portion of the record supporting the proposition that the maximum sentence [he faced] affected his plea decision." *United States v. Molina*, 469 F.3d 408, 412 (5th Cir. 2006). In the absence of evidence of this sort of causation, we have declined to find vacatur warranted on the basis of similar Rule 11 errors, even in circumstances in which the district court's error was far more prejudicial to the defendant than was the case here. *See United States v. Alvarado-Casas*, 715 F.3d 945, 954 (5th Cir. 2013) (declining to vacate for Rule 11 error where the district court imposed a sentence 70 months longer than what it had stated was the maximum possible sentence at the defendant's change-of-plea hearing).

### *(D) Special assessment*

Finally, Hughes contends that the district court's failure to inform him that his sentence would include the imposition of special assessments violated Rule 11 and entitles him to vacatur of his convictions. *See* FED. R. CRIM. P. 11(b)(1)(L) (requiring the district court to inform a defendant of "the court's obligation to impose a special assessment"). However, the district court informed Hughes that he faced a fine of up to $1,000,000 on his conspiracy count alone. We have held that a defendant informed of the possibility of fines larger than any potential special assessment suffers no prejudice to his substantial rights when a district court fails to make mention of the special assessments as required by Rule 11. *United States v. Powell*, 354 F.3d 362, 368-69 (5th Cir. 2003). Hughes's argument on this ground is unavailing.

## 2. *Motion to withdraw guilty pleas*

Hughes argues that the district court abused its discretion when it denied his motion to withdraw his guilty pleas. We have held that a district court should review such a motion under the seven-factor *Carr* test:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources.

*United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984) (citations omitted). "The *Carr* factors are considered for the totality of the circumstances, and the district court is not required to make a finding as to each individual factor." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009)

The district court held a hearing to address Hughes's motion to withdraw his guilty pleas. After hearing argument from the Government, Hughes's counsel, and Hughes himself, the district court considered in detail each of the seven factors and found that all of them except for one—the lack of unreasonable delay in filing the motion to withdraw—militated against allowing withdrawal of the pleas. Applying *Carr*, the district court then denied Hughes's motion. We see no errors of law or clearly erroneous factual findings in the district court's decision, and we therefore hold that the district court's denial of Hughes's motion was not an abuse of discretion. *See United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998).

No. 12-60005

### 3. *Dismissing the telephone counts*

Finally, Hughes asserts that the district court abused its discretion in failing to allow dismissal of the telephone counts at sentencing. Federal Rule of Criminal Procedure 48(a) allows the Government to, "with leave of court, dismiss an indictment, information, or complaint." "[T]he termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest." *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975).

At Hughes's change-of-plea hearing, the Government requested that the district court continue the telephone counts until sentencing, at which point it planned to move to dismiss them. The district court did not continue these counts and accepted Hughes's guilty pleas to them at the end of the hearing. At sentencing, the Government moved to dismiss the telephone counts, but the district court did not dismiss them, instead proceeding to sentence Hughes on each of them without providing any substantive rationale for its decision.

As the Government has never argued that dismissing the telephone counts would have been "clearly contrary to manifest public interest," *id.*, and as the district court provided no reasoning justifying its refusal to dismiss the telephone counts, we hold that the district court's failure to dismiss these counts was an abuse of discretion necessitating reversal.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court with respect to Count 1, the conspiracy count. We REVERSE the district court's denial of the Government's motion to dismiss Counts 2-5, the telephone counts, and RENDER a judgment of dismissal on these counts.

10

No. 12-60005

PATRICK E. HIGGINBOTHAM, Circuit Judge, concurring in part and concurring in the judgment:

The confusion this case brings was seeded by the government's oral plea agreement with Hughes, under which Hughes promised to plead guilty to Count 1 (conspiracy to distribute cocaine) in exchange for the government's promise to move to dismiss Counts 2–5 (use of a telephone to facilitate a drug offense) at sentencing. Under Rule 11(c)(1)(A) and (c)(4), a district court that accepts an agreement to dismiss counts must inform the defendant that it will abide the agreement when entering judgment; moreover, if the court rejects such an agreement, Rule 11(c)(5) requires it to give the defendant an opportunity to withdraw his plea. At his Rule 11 hearing, Hughes pleaded guilty to all five counts. Though the government contends on appeal that Hughes's plea "superceded" the plea agreement, it nonetheless claims that it moved to dismiss Counts 2–5 at Hughes's sentencing hearing — a motion the district court implicitly denied. At issue is whether this implicit denial should be treated as: (1) a violation of Rule 48(a), which this Court can remedy by entering judgment dismissing Counts 2–5; or (2) an implicit rejection of the plea agreement, in which case the district court should have given Hughes an opportunity to withdraw his plea.

I concur in the judgment dismissing Counts 2–5 and write here to explain my reasoning. The record reflects that the district court sentenced Hughes on all five counts because it believed that the government had withdrawn the plea agreement prior to Hughes's Rule 11 hearing. The court conveyed its understanding of the status of the agreement during the hearing on Hughes's motion to withdraw his plea, observing that:

> [O]n June 28th, with the jury here, prior to selection of the jury the
> defendant again advised the court of his desire to enter a plea of

11

No. 12-60005

guilty, this time on an open plea, *an open plea because the government had withdrawn the offer that had been made, or at least implicitly withdrawn it.*

Neither Hughes nor the government raised any objection to this characterization of the status of the agreement. During the subsequent sentencing hearing, the district court told the prosecutor that "I'm now considering — I want to be sure I'm sentencing now in accordance with the other counts because the agreement went by the —," at which point the court was interrupted by the prosecutor saying "Yes, sir." While the quoted sentencing colloquy may be ambiguous viewed in isolation, the court's remarks, when understood together with its comments at the earlier motion hearing, confirm that it thought that the agreement "went by the wayside." As neither Hughes nor the government clarified that the plea deal was still in effect as of sentencing, I doubt that the district court plainly erred in concluding that there was no plea agreement for it to accept or reject. For the same reason, I question whether the court's failure to give Hughes an opportunity to retract his plea pursuant to Rule 11(c)(5) rises to the level of plain error. The court's implicit denial of the government's motion to dismiss Counts 2–5 is best viewed as an impermissible encroachment on a prosecutor's discretion to dismiss charges,[1] an error that can be cured on appeal by entering judgment dismissing Counts 2–5.

Even were we to accept that there was a plea agreement at sentencing, and that the district court plainly erred in reaching a contrary conclusion, I do not think remand is necessary to determine whether the district court would

---

[1] *See, e.g., United States v. Cowan*, 524 F.3d 504, 513 (5th Cir. 1975) ("[Rule 48(a)] was not promulgated to shift absolute power from the Executive to the Judicial Branch. . . . The Executive remains . . . the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.").

12

have accepted or rejected the agreement. Aside from a $400 special assessment, the plea agreement had no effect on Hughes's sentence. Of course, as the dissent correctly points out, rejecting the agreement would have given Hughes an opportunity to retract his plea. Yet the transcript from the hearing on Hughes's motion to withdraw his plea reflects that it was most unlikely that this able district judge would have put Hughes's plea in play again. Hughes changed his mind about whether to plead out no less than five times, entering his guilty plea only on the morning of his trial — while the jury was waiting and after the government had arranged for the presence of a key witness at considerable expense. The district judge wanted Hughes to make up his mind and assumed that the plea agreement was lost with his uncertainties. To my eyes, there is no question that the judge would have accepted Hughes's plea agreement had he known it was still in effect as of sentencing. The panel's disposition — which gives Hughes the full benefit of the plea agreement by dismissing the convictions on Counts 2–5 — therefore remains appropriate. I would not further burden the district judge with an error he did not cause and we can correct.

No. 12-60005

KING, Circuit Judge, dissenting:

The parties entered into a plea agreement whereby the government agreed to continue Counts 2-5 of the indictment after Hughes pleaded guilty to Count 1, and move to dismiss Counts 2-5 at sentencing.  Presented with such an agreement, Rule 11 of the Federal Rules of Criminal Procedure required the district court to inform Hughes whether it accepted or rejected the plea agreement.  If it rejected the plea agreement, the court had to give Hughes the opportunity to withdraw his plea.  The record does not clearly disclose whether the district court accepted or rejected the plea agreement.  It thus is unclear whether Hughes should have been allowed to withdraw his guilty plea and proceed to trial.  The majority declines to reach this issue.  Instead, the majority effectively accepts the plea agreement (by dismissing Counts 2-5) without providing a sound legal predicate for doing so, all to the detriment of Hughes's substantial rights. I respectfully dissent.

## I.  STANDARD OF REVIEW

Because Hughes did not raise his Rule 11 objections in district court, our review is for plain error only.  To establish plain error, Hughes must show that (1) there is error; (2) the error was clear and obvious, not subject to reasonable dispute; and (3) the error affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the first three prongs are satisfied, we may remedy the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

## II.  APPLICABLE LAW

"Plea bargain agreements are contractual in nature, and are to be construed accordingly."  *Hentz v. Haegett*, 71 F.3d 1169, 1173 (5th Cir. 1996);

14

No. 12-60005

*see also Ricketts v. Adamson*, 483 U.S. 1, 16–21 (1987). "They bind the parties, and, more importantly, the court, too, is bound 'once [it] accepts the plea agreement.'" *United States v. Garcia*, 606 F.3d 209, 215 (5th Cir. 2010) (alteration in original) (citation omitted). Rule 11(c) of the Federal Rules of Criminal Procedure sets out three types of plea agreements. Only the first two are relevant to the oral plea agreement in this case.

Rule 11(c) provides that when a plea agreement specifies that the government will "not bring, or will move to dismiss, other charges," a district court may accept the plea agreement, reject it, or defer decision until the court has reviewed the PSR. Fed. R. Crim. P. 11(c)(1)(A), (3)(A). If the district court accepts the agreement, "it must inform the defendant that . . . the agreed disposition will be included in the judgment." Fed. R. Crim. P. 11(c)(4). If, however, the court rejects the plea agreement, it must, "on the record and in open court (or, for good cause, in camera)," (1) inform the parties that it rejects the plea agreement; (2) advise the defendant personally that the court is not required to follow the plea agreement, and permit the defendant to withdraw his plea; and (3) advise the defendant personally that, if he does not withdraw his plea, the court might dispose of the case less favorably toward him than contemplated under the agreement. Fed. R. Crim. P. 11(c)(5); *see* Fed. R. Crim. P. 11(d)(2)(A) (defendant may withdraw guilty plea prior to sentencing if court rejects plea agreement under Rule 11(c)(5)).

By contrast, Rule 11(c)(1)(B) applies when the government "recommend[s], or agree[s] not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." "[S]uch a recommendation or request does not bind the court." Fed. R. Crim. P. 11(c)(1)(B). "To the extent the plea

15

No. 12-60005

agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request." Fed. R. Crim. P. 11(c)(3)(B).

## III.  DISCUSSION

In the present case, the plea agreement consisted of two parts.  First, Hughes agreed to plead guilty to Count 1 of the indictment, while the government agreed to continue Counts 2-5, and move for their dismissal at sentencing.  Second, the government agreed to recommend a sentence at the lower Guidelines range.  Because the first part included the government's agreement to "move to dismiss" Counts 2-5, it fell under Rule 11(c)(3)(A).  The second part, requiring the government to recommend a particular sentence, fell under Rule 11(c)(3)(B).  As discussed below, the district court's failure to clarify whether it accepted or rejected the Rule 11(c)(3)(A) part of the plea agreement constitutes plain error that adversely affected Hughes's substantial rights by depriving him of the opportunity to withdraw his plea.[1]

---

[1] Admittedly, in challenging the district court's judgment as deficient under Rule 11, Hughes only cites Rule 11(c)(3)(B), which controls agreements by the government to recommend a particular sentence.  Nevertheless, Hughes has appealed the district court's denial of his motion to withdraw his plea, as well as the district court's decision not to dismiss Counts 2-5.  He also challenges the district court's failure to expressly state that it could choose not to dismiss Counts 2-5.  This constitutes a Rule 11(c)(3)(A) challenge in all but name. Barring relief on this basis would irrationally elevate form over substance.  *See United States v. Self*, 596 F.3d 245, 250 (5th Cir. 2010) ("Strict compliance with Rule 11 is generally required.").

Even if Hughes did not properly preserve this argument, "[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Meza*, 701 F.3d 411, 433 (5th Cir. 2012) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).  For the reasons discussed in this dissent, I would find such exceptional circumstances present in this case.  *See Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012) (plea bargaining "is not some adjunct to the criminal justice system; it *is* the criminal justice system." (internal quotation marks and citation omitted)).

## A.     Plain Error

Pursuant to Rule 11(c)(3), the district court was required to inform Hughes whether it accepted or rejected his agreement to plead guilty to Count 1, in exchange for the government later moving to dismiss Counts 2-5. The district court did not do so, however.  The court's only statement arguably addressing the disposition of Counts 2-5 is ambiguous.  At sentencing, the district court told the prosecutor that "I'm now considering—I want to be sure I'm sentencing now in accordance with the other counts because the agreement went by the —," at which point the court was interrupted by the prosecutor saying "Yes, sir."  Moreover, there is no suggestion that the plea agreement was withdrawn.  The government at sentencing reiterated that "during [Hughes's] plea [it] agree[d] to dismiss Counts 2 through 5 at the conclusion of the sentencing."

To be sure, the district court did address the government's Rule 11(c)(1)(B) agreement to recommend a sentence at the lower half of the advisory Guidelines range.  As to that part of the plea agreement, the district court correctly alerted Hughes that it was "not bound by the government's recommendation."  *See* Fed. R. Crim. P. 11(c)(3)(B).  But the district court did not explain to Hughes that it could refuse to dismiss Counts 2-5, and its Rule 11 compliance with one part of the plea agreement does not extend to the rest of that agreement.  *See United States v. Schiradelly*, 617 F.3d 979, 982 & n.3 (8th Cir. 2010) (distinguishing non-binding provisions of plea agreement under Rule 11(c)(1)(B) from provisions that were binding under Rule 11(c)(1)(A)); *United States v. Villa-Vazquez*, 536 F.3d 1189, 1201–02 (10th Cir. 2008) (same).

No. 12-60005

Indeed, if the district court accepted the plea agreement with regard to the dismissal of Counts 2-5, it could not have refused to dismiss those counts. Fed. R. Crim. P. 11(c)(4) ("If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) . . ., the agreed disposition will be included in the judgment."). By contrast, if the court rejected the agreement, the court had to allow Hughes to revise his plea. *Id.* 11(c)(5)(B). Instead, it accepted Hughes's guilty plea to all counts, denied his motion to withdraw his plea, and later failed to provide him with the opportunity to withdraw his plea. This constituted an error that was clear and obvious. *See Puckett*, 556 U.S. at 135; *United States v. Hyde*, 520 U.S. 670, 677–78 (1997).

The majority declines to address this issue perhaps because they accept Hughes's invitation to dismiss Counts 2-5 under Federal Rule of Criminal Procedure 48(a).[2] Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). A district court can only deny the government's motion to dismiss if it would be "clearly contrary to manifest public interest." *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975). By focusing on whether the district court correctly denied the government's motion to dismiss Counts 2-5 under Rule 48(a), the majority seeks to avoid any Rule 11 errors originating out of

---

[2] The majority may be relying on the fact that after arguing that "his plea[] should be vacated" under Rule 11, Hughes goes on to argue "in the alternative" that the district court abused its discretion under Rule 48(a) by refusing to grant the government's motion to dismiss Counts 2-5. The government's motion in the district court was explicitly predicated on the plea agreement, not on Rule 48(a). More important, I do not understand Hughes to argue that he would equally be satisfied with withdrawal of his plea or dismissal of Counts 2-5. During oral argument, Hughes made clear that he should be allowed to withdraw his guilty plea. His brief similarly concludes first that his convictions should be reversed and, only if this court does not grant such relief, should it dismiss Counts 2-5.

No. 12-60005

the district court's failure "to mention . . . that it might not dismiss Counts 2-5 upon a government request at sentencing."

Unlike the majority, I would not use Rule 48(a) to obviate addressing Rule 11 plea deficiencies. As an initial matter, Rules 11 and 48(a) serve entirely different functions. *See United States v. Robertson*, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995) ("[W]hile district [courts] are granted broad discretion regarding the acceptance of plea bargains in general under Rule 11, courts are vested only with limited supervisory power over prosecutorial charging decisions specifically under Rule 48(a)."). More fundamentally, the only way the majority could have reached whether the district court's denial of the government's motion to dismiss was proper under Rule 48(a) was by implicitly finding that the district court accepted the plea agreement under Rule 11. Otherwise, the majority would have to find that the district court rejected the plea agreement, in which case Hughes should have had the opportunity to withdraw his plea. *See* Fed. R. Crim. P. 11(c)(5)(B). As discussed, the record does not show that the district court accepted the plea agreement. The district court's denial of both Hughes's motion to withdraw his plea, and the government's motion to dismiss Counts 2-5, implies that the court actually rejected the plea agreement. *Cf. United States v. Wild*, 214 F. App'x 474, 476 (5th Cir. 2007) (per curiam) (unpublished) (no plain error where district court discussed and implicitly accepted plea agreement, court did not specifically reject plea agreement, and defendant received agreement's benefits).

By deciding the issue under Rule 48(a), the majority either presupposes the guilty plea's validity (despite it being unclear whether the district court accepted or rejected the plea agreement), or relieves the district court of the burden of complying with Rule 11's plea procedures. The majority wholly

19

ignores that the district court may have rejected the plea agreement without informing Hughes that he could withdraw his plea—the very remedy Hughes now seeks for the alleged Rule 11 errors.

In my view, we cannot know whether the district court intended to accept or reject the plea agreement without further clarification from that court. We therefore also cannot know whether Hughes on the basis of the plea agreement is now entitled only to a judgment of dismissal of Counts 2-5, or alternatively the opportunity to withdraw his plea. *See United States v. Doe*, 225 F. App'x 763, 765 (10th Cir. 2007) (unpublished) (remanding case "for the limited purpose of clarifying the record as to whether the district court accepted or rejected the plea agreement at sentencing"); *United States v. Belmonte-Martin*, 127 F. App'x 719, 720 (5th Cir. 2005) (per curiam) (unpublished). For the same reason, we cannot reach Rule 48. The majority is wrong to think otherwise.

## B.    Substantial Rights

The majority suggests that the district court's error did not affect Hughes's substantial rights. *See* Fed. R. Crim. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights."). To warrant relief, Hughes must show that the district court's error affected his substantial rights. *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). We previously have found that a district court's denial of a motion to withdraw a guilty plea affected a defendant's substantial rights where, but

for the court's error, the defendant would have been able to withdraw his guilty plea and go to trial. *United States v. Arami*, 536 F.3d 479, 484 (5th Cir. 2008). Similarly here, if Hughes can show a reasonable probability that he would have availed himself of the opportunity to withdraw his guilty plea, then he has demonstrated that the district court's error affected his substantial rights.

The circumstances in this case clearly present a reasonable probability that Hughes would have withdrawn his guilty plea. The proceedings below reflect Hughes's extreme reluctance to go through with his plea. Weeks before his scheduled trial date, Hughes informed the government that he intended to change his plea to guilty. Hughes then changed his mind, and trial was scheduled to begin April 25 (later continued to June 27). He changed his mind again, and informed the government that he wanted to change his plea. On June 27, Hughes appeared before the court and announced, yet again, that he wanted a trial. The following day, while the jury panel waited, and after entering into a verbal plea agreement with the government, Hughes instead entered a plea of guilty to all counts of the indictment. Subsequently, however, Hughes moved to withdraw his plea, which the district court denied. He now appeals that denial, and asks that his convictions be reversed. This is more than sufficient to show "a reasonable probability" that, had the district court rejected the plea agreement, Hughes would have opted to withdraw his plea. *See id.*

C.    **Fairness, Integrity, or Public Reputation of Judicial Proceedings**

I further would find that the district court's failure to inform Hughes of his right to withdraw his guilty plea "seriously affect[s] the fairness, integrity

or public reputation of [a] judicial proceeding[]." *Trejo*, 610 F.3d at 319 (internal quotation marks and citation omitted). The district court's error creates the significant possibility that Hughes was denied his right to present his case before a jury. We previously have found similar circumstances sufficient to exercise our discretion to correct plain error, and I would do so here. *See Self*, 596 F.3d at 250 (district court's failure to properly inform defendant that entire plea agreement was rejected affected fairness, integrity, or public reputation of judicial proceedings); *Arami*, 536 F.3d at 484–85 (exercising discretion where defendant was deprived of his right to withdraw a guilty plea under Rule 11).

## IV.  CONCLUSION

In summary, because the record is ambiguous, creating the possibility that Hughes was denied his right to withdraw his guilty plea and proceed to trial, I would vacate Hughes's convictions and sentence, and remand this matter to the district court to clarify whether it had accepted or rejected the verbal plea agreement, and take whatever action is necessary in light of the clarification.

Accordingly, I respectfully dissent.