*665 KING, Circuit Judge,
dissenting:
The parties entered into a plea agreement whereby the government agreed to continue Counts 2-5 of the indictment after Hughes pleaded guilty to Count 1, and move to dismiss Counts 2-5 at sentencing. Presented with such an agreement, Rule 11 of the Federal Rules of Criminal Procedure required the district court to inform Hughes whether it accepted or rejected the plea agreement. If it rejected the plea agreement, the court had to give Hughes the opportunity to withdraw his plea. The record does not clearly disclose whether the district court accepted or rejected the plea agreement. It thus is unclear whether Hughes should have been allowed to withdraw his guilty plea and proceed to trial. The majority declines to reach this issue. Instead, the majority effectively accepts the plea agreement (by dismissing Counts 2-5) without providing a sound legal predicate for doing so, all to the detriment of Hughes’s substantial rights. I respectfully dissent.
I. STANDARD OF REVIEW
Because Hughes did not raise his Rule 11 objections in district court, our review is for plain error only. To establish plain error, Hughes must show that (1) there is error; (2) the error was clear and obvious, not subject to reasonable dispute; and (3) the error affected his substantial rights. Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If the first three prongs are satisfied, we may remedy the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.
II. APPLICABLE LAW
“Plea bargain agreements are contractual in nature, and are to be construed accordingly.” Hentz v. Hargett, 71 F.3d 1169, 1173 (5th Cir.1996); see also Ricketts v. Adamson, 483 U.S. 1, 16-21, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987). “They bind the parties, and, more importantly, the court, too, is bound ‘once [it] accepts the plea agreement.’ ” United States v. Garcia, 606 F.3d 209, 215 (5th Cir.2010) (alteration in original) (citation omitted). Rule 11(c) of the Federal Rules of Criminal Procedure sets out three types of plea agreements. Only the first two are relevant to the oral plea agreement in this case.
Rule 11(c) provides that when a plea agreement specifies that the government will “not bring, or will move to dismiss, other charges,” a district court may accept the plea agreement, reject it, or defer decision until the court has reviewed the PSR. Fed.R.Crim.P. 11(c)(1)(A), (3)(A). If the district court accepts the agreement, “it must inform the defendant that ... the agreed disposition will be included in the judgment.” Fed.R.Crim.P. 11(c)(4). If, however, the court rejects the plea agreement, it must, “on the record and in open court (or, for good cause, in camera),” (1) inform the parties that it rejects the plea agreement; (2) advise the defendant personally that the court is not required to follow the plea agreement, and permit the defendant to withdraw his plea; and (3) advise the defendant personally that, if he does not withdraw his plea, the court might dispose of the case less favorably toward him than contemplated under the agreement. Fed.R.Crim.P. 11(c)(5); see Fed.R.Crim.P. 11(d)(2)(A) (defendant may withdraw guilty plea prior to sentencing if court rejects plea agreement under Rule 11(c)(5)).
By contrast, Rule 11(c)(1)(B) applies when the government “recommendfs], or agree[s] not to oppose the defendant’s request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply.” *666 “[S]uch a recommendation or request does not bind the court.” Fed.R.Crim.P. 11(c)(1)(B). “To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.” Fed.R.Crim.P. 11(c)(3)(B).
III. DISCUSSION
In the present case, the plea agreement consisted of two parts. First, Hughes agreed to plead guilty to Count 1 of the indictment, while the government agreed to continue Counts 2-5, and move for their dismissal at sentencing. Second, the government agreed to recommend a sentence at the lower Guidelines range. Because the first part included the government’s agreement to “move to dismiss” Counts 2-5, it fell under Rule 11(c)(3)(A). The second part, requiring the government to recommend a particular sentence, fell under Rule 11(c)(3)(B). As discussed below, the district court’s failure to clarify whether it accepted or rejected the Rule 11(c)(3)(A) part of the plea agreement constitutes plain error that adversely affected Hughes’s substantial rights by depriving him of the opportunity to withdraw his plea.[1]
A. Plain Error
Pursuant to Rule 11(c)(3), the district court was required to inform Hughes whether it accepted or rejected his agreement to plead guilty to Count 1, in exchange for the government later moving to dismiss Counts 2-5. The district court did not do so, however. The court’s only statement arguably addressing the disposition of Counts 2-5 is ambiguous. At sentencing, the district court told the prosecutor that “I’m now considering — I want to be sure I’m sentencing now in accordance with the other counts because the agreement went by the — ,” at which point the court was interrupted by the prosecutor saying, ‘Tes, sir.” Moreover, there is no suggestion that the plea agreement was withdrawn. The government at sentencing reiterated that “during [Hughes’s] plea [it] agree[d] to dismiss Counts 2 through 5 at the conclusion of the sentencing.”
To be sure, the district court did address the government’s Rule 11(c)(1)(B) agreement to recommend a sentence at the lower half of the advisory Guidelines range. As to that part of the plea agreement, the *667 district court correctly alerted Hughes that it was “not bound by the government’s recommendation.” See Fed.R.Crim.P. 11(c)(3)(B). But the district court did not explain to Hughes that it could refuse to dismiss Counts 2-5, and its Rule 11 compliance with one part of the plea agreement does not extend to the rest of that agreement. See United States v. Schiradelly, 617 F.3d 979, 982 & n. 3 (8th Cir.2010) (distinguishing non-binding provisions of plea agreement under Rule 11(c)(1)(B) from provisions that were binding under Rule 11(c)(1)(A)); United States v. Villa-Vazquez, 536 F.3d 1189, 1201-02 (10th Cir.2008) (same).
Indeed, if the district court accepted the plea agreement with regard to the dismissal of Counts 2-5, it could not have refused to dismiss those counts. Fed.R.Crim.P. 11(c)(4) (“If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) ..., the agreed disposition will be included in the judgment.”). By contrast, if the court rejected the agreement, the court had to allow Hughes to revise his plea. Id. 11(c)(5)(B). Instead, it accepted Hughes’s guilty plea to all counts, denied his motion to withdraw his plea, and later failed to provide him with the opportunity to withdraw his plea. This constituted an error that was clear and obvious. See Puckett, 556 U.S. at 135, 129 S.Ct. 1423; United States v. Hyde, 520 U.S. 670, 677-78, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997).
The majority declines to address this issue perhaps because they accept Hughes’s invitation to dismiss Counts 2-5 under Federal Rule of Criminal Procedure 48(a).[2] Rule 48(a) provides that “[t]he government may, with leave of court, dismiss an indictment, information, or complaint.” Fed.R.Crim.P. 48(a). A district court can only deny the government’s motion to dismiss if it would be “clearly contrary to manifest public interest.” United States v. Cowan, 524 F.2d 504, 513 (5th Cir.1975). By focusing on whether the district court correctly denied the government’s motion to dismiss Counts 2-5 under Rule 48(a), the majority seeks to avoid any Rule 11 errors originating out of the district court’s failure “to mention ... that it might not dismiss Counts 2-5 upon a government request at sentencing.”
Unlike the majority, I would not use Rule 48(a) to obviate addressing Rule 11 plea deficiencies. As an initial matter, Rules 11 and 48(a) serve entirely different functions. See United States v. Robertson, 45 F.3d 1423, 1437 n. 14 (10th Cir.1995) (“[Wjhile district [courts] are granted broad discretion regarding the acceptance of plea bargains in general under Rule 11, courts are vested only with limited supervisory power over prosecutorial charging decisions specifically under Rule 48(a).”). More fundamentally, the only way the majority could have reached whether the district court’s denial of the government’s motion to dismiss was proper under Rule 48(a) was by implicitly finding that the district court accepted the plea agreement *668 under Rule 11. Otherwise, the majority would have to find that the district court rejected the plea agreement, in which case Hughes should have had the opportunity to withdraw his plea. See Fed.R.Crim.P. 11(c)(5)(B). As discussed, the record does not show that the district court accepted the plea agreement. The district court’s denial of both Hughes’s motion to withdraw his plea, and the government’s motion to dismiss Counts 2-5, implies that the court actually rejected the plea agreement. Cf. United States v. Wild, 214 Fed.Appx. 474, 476 (5th Cir.2007) (per curiam) (unpublished) (no plain error where district court discussed and implicitly accepted plea agreement, court did not specifically reject plea agreement, and defendant received agreement’s benefits).
By deciding the issue under Rule 48(a), the majority either presupposes the guilty plea’s validity (despite it being unclear whether the district court accepted or rejected the plea agreement), or relieves the district court of the burden of complying with Rule ll’s plea procedures. The majority wholly ignores that the district court may have rejected the plea agreement without informing Hughes that he could withdraw his plea — the very remedy Hughes now seeks for the alleged Rule 11 errors.
In my view, we cannot know whether the district court intended to accept or reject the plea agreement without further clarification from that court. We therefore also cannot know whether Hughes on the basis of the plea agreement is now entitled only to a judgment of dismissal of Counts 2-5, or alternatively the opportunity to withdraw his plea. See United States v. Doe, 225 Fed.Appx. 763, 765 (10th Cir.2007) (unpublished) (remanding case “for the limited purpose of clarifying the record as to whether the district court accepted or rejected the plea agreement at sentencing”); United States v. Belmonte-Martin, 127 Fed.Appx. 719, 720 (5th Cir.2005) (per curiam) (unpublished). For the same reason, we cannot reach Rule 48. The majority is wrong to think otherwise.
B. Substantial Rights
The majority suggests that the district court’s error did not affect Hughes’s substantial rights. See Fed.R.Crim.P. 11(h) (“A variance from the requirements of this rule is harmless error if it does not affect substantial rights.”). To warrant relief, Hughes must show that the district court’s error affected his substantial rights. United States v. Trejo, 610 F.3d 308, 319 (5th Cir.2010). “[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.” United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). We previously have found that a district court’s denial of a motion to withdraw a guilty plea affected a defendant’s substantial rights where, but for the court’s error, the defendant would have been able to withdraw his guilty plea and go to trial. United States v. Arami, 536 F.3d 479, 484 (5th Cir.2008). Similarly here, if Hughes can show a reasonable probability that he would have availed himself of the opportunity to withdraw his guilty plea, then he has demonstrated that the district court’s error affected his substantial rights.
The circumstances in this case clearly present a reasonable probability that Hughes would have withdrawn his guilty plea. The proceedings below reflect Hughes’s extreme reluctance to go through with his plea. Weeks before his scheduled trial date, Hughes informed the government that he intended to change his plea to guilty. Hughes then changed his *669 mind, and trial was scheduled to begin April 25 (later continued to June 27). He changed his mind again, and informed the government that he wanted to change his plea. On June 27, Hughes appeared before the court and announced, yet again, that he wanted a trial. The following day, while the jury panel waited, and after entering into a verbal plea agreement with the government, Hughes instead entered a plea of guilty to all counts of the indictment. Subsequently, however, Hughes moved to withdraw his plea, which the district court denied. He now appeals that denial, and asks that his convictions be reversed. This is more than sufficient to show “a reasonable probability” that, had the district court rejected the plea agreement, Hughes would have opted to withdraw his plea. See id.
C. Fairness, Integrity, or Public Reputation of Judicial Proceedings
I further would find that the district court’s failure to inform Hughes of his right to withdraw his guilty plea “seriously affect[s] the fairness, integrity or public reputation of [a] judicial proceeding[ ].” Trejo, 610 F.3d at 319 (internal quotation marks and citation omitted). The district court’s error creates the significant possibility that Hughes was denied his right to present his case before a jury. We previously have found similar circumstances sufficient to exercise our discretion to correct plain error, and I would do so here. See Self, 596 F.3d at 250 (district court’s failure to properly inform defendant that entire plea agreement was rejected affected fairness, integrity, or public reputation of judicial proceedings); Arami, 536 F.3d at 484-85 (exercising discretion where defendant was deprived of his right to withdraw a guilty plea under Rule 11).
IV. CONCLUSION
In summary, because the record is ambiguous, creating the possibility that Hughes was denied his right to withdraw his guilty plea and proceed to trial, I would vacate Hughes’s convictions and sentence, and remand this matter to the district court to clarify whether it had accepted or rejected the verbal plea agreement, and take whatever action is necessary in light of the clarification.
Accordingly, I respectfully dissent.

. Admittedly, in challenging the district court’s judgment as deficient under Rule 11, Hughes only cites Rule 11(c)(3)(B), which controls agreements by the government to recommend a particular sentence. Nevertheless, Hughes has appealed the district court's denial of his motion to withdraw his plea, as well as the district court's decision not to dismiss Counts 2-5. He also challenges the district court’s failure to expressly state that it could choose not to dismiss Counts 2-5. This constitutes a Rule 11(c)(3)(A) challenge in all but name. Barring relief on this basis would irrationally elevate form over substance. See United States v. Self, 596 F.3d 245, 250 (5th Cir.2010) ("Strict compliance with Rule 11 is generally required.”).
Even if Hughes did not properly preserve this argument, “[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Meza, 701 F.3d 411, 433 (5th Cir.2012) (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)). For the reasons discussed in this dissent, I would find such exceptional circumstances present in this case. See Missouri v. Frye,-U.S.-, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012) (plea bargaining "is not some adjunct to the criminal justice system; it is the criminal justice system.” (internal quotation marks and citation omitted)).

. The majority may be relying on the fact that after arguing that "his plea[ ] should be vacated” under Rule 11, Hughes goes on to argue "in the alternative" that the district court abused its discretion under Rule 48(a) by refusing to grant the government's motion to dismiss Counts 2-5. The government's motion in the district court was explicitly predicated on the plea agreement, not on Rule 48(a). More important, I do not understand Hughes to argue that he would equally be satisfied with withdrawal of his plea or dismissal of Counts 2-5. During oral argument, Hughes made clear that he should be allowed to withdraw his guilty plea. His brief similarly concludes first that his convictions should be reversed and, only if this court does not grant such relief, should it dismiss Counts 2-5.